Sarah F. EVANS, Plaintiff,

v.

**MEADOW STEEL PRODUCTS, INC. and Koppers Company, Inc., Defendants.**

Civ. A. No. C83–1266A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Oct. 12, 1983.

Cary D. Langston, Decatur, Ga., for plaintiff.

Charles A. Edwards, Greene, Buckley, DeRieux & Jones, Atlanta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

Plaintiff brought this action to redress an alleged discriminatory discharge from employment. Plaintiff, a black female, contends that she was fired from her place of employment, Meadow Steel Products, Inc. (MEDCO), because of her race. Plaintiff brings this action pursuant to the following statutes: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, (Title VII); 42 U.S.C. § 1981; 42 U.S.C. § 1982; and 42 U.S.C. § 1983. Plaintiff alleges two additional bases of jurisdiction: 28 U.S.C. § 1331 and 28 U.S.C. § 1332. The action is presently before this court on defendants' motion to dismiss certain of plaintiff's claims and on defendants' motion to strike plaintiff's response to defendants' motion to dismiss. For the reasons stated herein defendants' motion to strike is DENIED; defendants' motion to dismiss is GRANTED in part, and DENIED in part.

FACTS

Plaintiff began work with MEDCO on February 2, 1981 and on February 24, 1981 she was discharged. Contending that this discharge was racially motivated, plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC) on March 2, 1981, well within the 180 day statute of limitation. This charge listed "Meadow Steel Products, Inc." as the employer in question. Upon request, plaintiff received her necessary "Right to Sue" letter from the EEOC, the letter being dat-

ed March 22, 1983. Within the mandatory 90 day period plaintiff filed this action in federal district court naming as defendants both MEDCO and its parent company, Koppers Company, Inc. (Koppers). In her action plaintiff seeks to hold the defendants jointly liable for the following relief:

1) lost/back wages in the amount of $23,-400.00;

2) damages for pain and suffering in the amount of $12,000.00;

3) all costs of the action, including reasonable attorneys' fees.

Further facts will be disclosed as necessary for the discussion of this motion.

DISCUSSION

A. *Defendants' Motion to Strike Plaintiff's Response to Defendants' Motion to Dismiss*

On July 8, 1983, defendants filed and served a motion to dismiss several of plaintiff's claims. Plaintiff's reply was not filed and served until July 25; in addition, no Memorandum of Law supporting plaintiff's reply was filed and served until July 29, 1983. Because plaintiff's responses were not timely defendants request this court to strike plaintiff's reply.

■ Local Rule 91.2 requires that responses to motions to dismiss be served and filed within ten days of the motion. Because plaintiff in this case failed to meet this 10-day deadline [1] this court has the authority to strike plaintiff's response. However, in the interest of securing justice on the merits defendants' motion to strike is DENIED.

B. *Defendants' Motion to Dismiss*

Defendants have moved this court to dismiss the following of plaintiff's claims:

1) all monetary claims arising under 42 U.S.C. § 1981 as barred by O.C.G.A. § 9–3–22 (statute of limitation);

2) to dismiss all claims alleging jurisdiction or substantive rights arising under 42 U.S.C. § 1982, on the ground that said statute is not applicable to discrimination in employment;

3) to dismiss all claims alleging jurisdiction or substantive rights arising under 42 U.S.C. § 1983, on the ground that the defendant is not an agent of a state or local government nor is said defendant alleged to have acted under color of state law;

4) to dismiss all claims alleging jurisdiction under 28 U.S.C. §§ 1331 and 1332, on grounds that said statutes afford no jurisdiction for a Title VII action;

5) to dismiss all claims and allegations pertaining to compensatory damages on the ground that such claims are not maintainable under Title VII; and

6) to dismiss Koppers Company, Inc., as a party defendant on the ground that the only respondent named in plaintiff's charge of discrimination was "Meadow Steel Products, Inc."

In addition, defendants request that attorneys' fees be assessed to plaintiff pursuant to 42 U.S.C. §§ 2000e–5(k) and 1988.

The defendants' requests will be discussed by this court in the order listed above.

I. *42 U.S.C. § 1981*

■ Plaintiff has cited 42 U.S.C. § 1981 as one basis of substantive rights in this case. It is clear that this statute, providing for equal rights under the law,[2] is available as a remedy for plaintiffs alleging employment discrimination. *See Sanders v. Dobbs House, Inc.,* 431 F.2d 1097 (5th Cir.1970),

---

1. We agree with plaintiff that the applicable period was extended by three days due to service by mail. F.R.C.P. 6(e). However, even with a three-day extension, plaintiff's response was not timely.

2. The text of § 1981 is as follows:

All persons within the jurisdiction of the United States shall have the same right in every state and territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

*cert. denied* 91 S.Ct. 935, 401 U.S. 948, 28 L.Ed.2d 231 (1971).

 Although § 1981 may provide a basis for relief, plaintiffs must still bring their claims within the applicable statute of limitation. There is no relevant federal statute of limitation for § 1981 actions, therefore, the controlling period is the most appropriate one provided by state law. *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). We agree with defendants that the applicable statute of limitation in this case is two years as stated in O.C.G.A. § 9–3–22 (1982).[3] This statute provides, in pertinent part, that "all actions for the recovery of wages, overtime, or damages and penalties accruing under laws respecting the payment of wages and overtime shall be brought within two years after the right of action has accrued." The right of action accrues when the last act of discrimination occurs. *United States v. Georgia Power Co.,* 474 F.2d 906 (5th Cir.1973). In the instant case the last act was plaintiff's discharge which occurred on February 24, 1981. By waiting until June 17, 1983 to file this action plaintiff is barred by the statute of limitation.

 In this regard plaintiff contends that by promptly filing her grievance within the EEOC the statute of limitation tolled with respect to her claim under § 1981. This is simply not true. The United States Supreme Court has settled this issue; in *Johnson v. Railway Express Agency,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), the court addressed this precise issue and held that filing a charge with the EEOC *does not* toll the running of the limitation period applicable to an action,

based on the same facts, brought under § 1981.

For these reasons defendants' motion to dismiss plaintiff's claims under § 1981 is GRANTED.

## II. *42 U.S.C. § 1982*

 Plaintiff contends that 42 U.S.C. § 1982 affords her a basis for relief in this case. This statute provides that "all citizens of the United States shall have the same right in every State and Territory, as is enjoyed by white citizens thereof to *inherit, purchase, lease, sell, hold, and convey real and personal property.*" (emphasis added). By its terms 42 U.S.C. § 1982 is limited to discrimination with respect to property rights. *See Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968). This statute does not apply to employment discrimination claims. *Johnson v. Duval County Teachers Credit Union,* 507 F.Supp. 307 (M.D.Fla.1980); *Krieger v. Republic Van Lines,* 435 F.Supp. 335 (S.D.Tex.1977). For this reason defendants' motion to dismiss plaintiff's § 1982 claim is GRANTED.

## III. *42 U.S.C. § 1983*

 In addition to the above statutes plaintiff seeks relief pursuant to 42 U.S.C. § 1983.[4] In order to state a cause of action under § 1983 plaintiff must allege that defendants' actions constitute state action. *Adickes v. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). In the instant case plaintiff has made no such allegations. Defendants are two private corporations and, absent any further allegations by plaintiff, cannot be sued under § 1983.

---

3. For purposes of clarity, O.C.G.A. § 45–19–36's 180 day limitation is inapplicable in this case. That statute applies to charges of discrimination brought against *public* employers. See *Champion v. Georgia Bureau of Investigation,* 568 F.Supp. 712 (N.D.Ga.1983).

4. The text of § 1983 is as follows:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia, subjects, or causes to be subject-

ed, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

For this reason defendants' motion to dismiss plaintiff's § 1983 claim is GRANTED.

### IV. *28 U.S.C. §§ 1331 and 1332*

Plaintiff invokes 28 U.S.C. §§ 1331 and 1332 as dual bases for this court's jurisdiction over her case. § 1331 provides for jurisdiction over federal questions; § 1332 provides for diversity jurisdiction.

█ As to diversity, plaintiff contends that defendant Koppers has its office in Pennsylvania and that from that office Koppers exercises control over MEDCO. It is not necessary for this court to determine whether Koppers should be considered diverse; it appears from plaintiff's pleadings that MEDCO has its principal place of business in Georgia and is, therefore, deemed a Georgia citizen for jurisdictional purposes.[5] Because complete diversity is required, *Strawbridge v. Curtiss,* 3 Cranch (7 U.S.) 267, 2 L.Ed. 435 (1806), defendants' motion to dismiss plaintiff's claim of jurisdiction under § 1332 is GRANTED.

Regarding § 1331, plaintiff, in her complaint, contends that the federal question is "discrimination on the basis of race, a violation of Title VII." (Plaintiff's Complaint, paragraph 2). Certainly this civil action does arise under the laws of the United States (e.g., Title VII). For this reason § 1331 is not an incorrect basis of jurisdiction, it is, however, an unnecessary basis. Plaintiff's only substantive rights in this case are pursuant to Title VII. Title VII itself grants federal court jurisdiction, 42 U.S.C. § 2000e–5(f)(3). Although unnecessary there is no real reason to dismiss § 1331 as a basis of jurisdiction. Defendants' motion as to § 1331 is, therefore, DENIED.

### V. *Compensatory/Punitive Damages Under Title VII*

█ Plaintiff seeks $12,000.00 in damages for "wrongful discharge, pronounced difficulties in obtaining subsequent employ-ment and for pain and suffering." (plaintiff's complaint, paragraph 13). Defendant contends that such damages are not available in a Title VII action. This court agrees.

The controlling precedent of this court clearly states that "compensatory and punitive damages are unavailable in Title VII suits." *Walker v. Ford Motor Co.,* 684 F.2d 1355, 1364 (11th Cir.1982). That damages for "wrongful discharge, pronounced difficulties in obtaining subsequent employment and for pain' and suffering" are punitive/compensatory in nature seems clear. *See Id.* at 1364–65, n. 16.

Plaintiff, in her response to defendants' motion to dismiss, argues that even if such damages are unavailable under Title VII the claims should not be dismissed because those damages may be recoverable under 42 U.S.C. §§ 1981, 1982 or 1983. Because this court has dismissed all of plaintiff's claims except Title VII this argument is irrelevant. Plaintiff is now suing solely under Title VII; this statute does not allow punitive or compensatory damages and, therefore, defendant's motion to dismiss plaintiff's claim for such damages is GRANTED.

### VI. *Koppers As A Defendant*

In this action plaintiff has named MEDCO and its parent company, Koppers, as defendants. Defendants seek to dismiss plaintiff's claim against Koppers on the ground that this company was not indicated on plaintiff's Charge of Discrimination filed with the EEOC.

The normal rule in such situations is that "only parties previously identified as respondents in charges filed with the EEOC are subject to subsequent liability under Title VII." *Terrell v. United States Pipe & Foundry Co.,* 644 F.2d 1112, 1122 (5th Cir. 1981). However, like all other rules this one should not be applied without regard to the rationale supporting it. There are two reasons for the rule requiring the party to be named in the charge: 1) it notifies the charged party of the asserted violation and

---

**5.** 28 U.S.C.A. § 1332(c) provides:

For the purposes of this section . . . a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.

2) it brings the charged party before the EEOC and permits the EEOC to attempt to secure voluntary compliance with the law. *Bowe v. Colgate-Palmolive Co.,* 416 F.2d 711 (7th Cir.1969). These policies are satisfied as long as the EEOC has the opportunity to investigate the party and to attempt conciliation. *Bernstein v. National Liberty International Corp.,* 407 F.Supp. 709 (1976).

■ In the instant case it is clear that Koppers was not named in the Charge of Discrimination filed with the EEOC; plaintiff's charge lists only "Meadow Steel Products, Inc." However, the Notice of Right to Sue which plaintiff received indicates that Koppers did receive a carbon copy of that notice. The fact that defendant Koppers did receive this carbon copy seems to indicate that at some point the EEOC investigated Koppers and it seems likely that Koppers was made aware of the charges. If this is in fact true then the policies behind the rule have been fulfilled and resort to the rule is unnecessary. Because it is the duty of this court to construe all facts in favor of the party opposing a motion to dismiss defendants' motion to dismiss Koppers is DENIED.

### VII. *Attorney's Fees*

■ Defendants' final request is that attorneys' fees be assessed to plaintiff pursuant to 42 U.S.C. §§ 2000e–5(k) and 1988. Both statutes allow the court, in its discretion, to award attorney's fees to "the prevailing party." At this point there is no "prevailing party;" defendants' motion is, therefore, DENIED.

### CONCLUSION

In summary, this court:

1) DENIES defendants' motion to strike plaintiff's reply to dismiss;
2) GRANTS defendants' motion to dismiss plaintiff's monetary claim under 42 U.S.C. § 1981;
3) GRANTS defendants' motion to dismiss plaintiff's claims under 42 U.S.C. § 1982;

4) GRANTS defendants' motion to dismiss plaintiff's claims under 42 U.S.C. § 1983;
5) GRANTS defendants' motion to dismiss plaintiff's claim of jurisdiction under 28 U.S.C. § 1332;
6) DENIES defendants' motion to dismiss plaintiff's claim of jurisdiction under 28 U.S.C. § 1331;
7) GRANTS defendants' motion to dismiss plaintiff's claim for compensatory and punitive damages under Title VII;
8) DENIES defendants' motion to dismiss Koppers Company, Inc. as a defendant; and
9) DENIES defendants' motion for attorneys' fees.

So ORDERED this 12 day of October, 1983.