Natalie A. MUFICH, Plaintiff,

v.

COMMONWEALTH EDISON COMPANY, Ron Busse, Ed Shaffer, Don Hamburg, Fred Mailey, Ted Rutkowski, Bill Meerbrey, Bob Zriny, and Herman Wurster, Defendants.

No. 89 C 9566.

United States District Court,
N.D. Illinois, E.D.

May 7, 1990.

Timothy J. Touhy and Arthur E. Engelland, Chicago, Ill., for plaintiff.

Pamela B. Strobel and Patrick S. Casey, Sidley & Austin, Chicago, Ill., for defendants.

ORDER

BUA, District Judge.

■ Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, plaintiff initiated this sex discrimination action against her former employer, Commonwealth Edison Company ("Commonwealth Edison"), and eight of her former supervisors. The eight individual defendants have filed a motion to strike certain portions of the complaint, a motion to strike plaintiff's discovery requests, and a motion to dismiss. In connection with the motion to dismiss, the parties have submitted material outside of the pleadings.[1] Therefore, pursuant to Fed.R.Civ.P. 12(b), the court will treat the motion to dismiss as a motion for summary judgment. For the reasons stated herein, defendants' motion to strike certain portions of plaintiff's complaint is granted. Defendants' motion for summary judgment is also granted. Furthermore, the motion to strike plaintiff's discovery requests is granted.

## I. FACTS

From 1983 to 1988, plaintiff Natalie A. Mufich worked in Commonwealth Edison's electrical drafting department. Mufich was supervised by defendants Ron Busse, Don Hamburg, Fred Mailey, Bill Meerbrey, Ted Rutkowski, Ed Shaffer, Herman Wurster, and Bob Zriny. Over the course of her employment, Mufich was allegedly subjected to repeated acts of sexual harassment. Mufich states that she complained to her supervisors on several occasions, but no action was taken. On July 26, 1988, she terminated her employment with Commonwealth Edison.

Several months later, Mufich filed a charge of sex discrimination with the Equal Employment Opportunity Commission ("EEOC"). The charge named "Commonwealth Edison and its employees" as respondents. In the body of the charge, Mufich identified the supervisors who allegedly participated in the sexual harassment. But the EEOC re-wrote the charge and

---

1. Each one of the eight individually-named defendants has submitted an affidavit in support of the motion to dismiss. In opposition to the motion, plaintiff has asked the court to consider several exhibits which she failed to attach to her complaint.

deleted the reference to Mufich's supervisors. Following an interview with the EEOC, Mufich signed the new charge. Although the EEOC served Commonwealth Edison with the charge, it did not serve a copy on any of the individual supervisors.

In September 1989, the EEOC completed its investigation of the discrimination charge and notified Mufich of her right to institute a civil action. As required by statute, Mufich commenced this action within ninety days of receiving her right-to-sue letter.

## II. DISCUSSION

### A. *Motion to Strike Certain Portions of the Complaint*

■ In addition to the traditional remedies available under Title VII—namely, back pay and reinstatement—Mufich seeks to recover compensatory and punitive damages. Defendants have moved to strike Mufich's request for damages, arguing that such relief is not authorized by the statute. As defendants correctly point out, Title VII only provides for equitable relief such as back pay and reinstatement; compensatory and punitive damages are unavailable. *See* 42 U.S.C. § 2000e–5(g); *Patzer v. Board of Regents,* 763 F.2d 851, 854 n. 2 (7th Cir.1985). Since Mufich is only entitled to equitable relief, defendants' motion to strike her request for compensatory and punitive damages is granted.

■ Defendants have also moved to strike an immaterial allegation contained in paragraph 14 of the complaint. In paragraph 14, Mufich alleges that she was deprived of "her rights, privileges and immunities secured to her by the Constitution and the laws of the United States." That assertion has absolutely no bearing on any of the issues involved in this case. Mufich's complaint contains only one count—a Title VII claim. She has not set forth any allegations that even remotely resemble a claim for relief under the Constitution. For purposes of this Title VII action, Mufich's reference to her "privileges and immunities" is inappropriate, and it shall be stricken from the complaint.

### B. *Motion for Summary Judgment*

■ Defendants contend that they should be dismissed from this action because they were not named in the EEOC charge. As a general rule, a party who is not named in an EEOC charge cannot be sued in a Title VII action. 42 U.S.C. § 2000e–5(f)(1); *Schnellbaecher v. Baskin Clothing Co.,* 887 F.2d 124, 126 (7th Cir. 1989). The Seventh Circuit, however, has recognized an exception to this general rule: an unnamed party may be sued under Title VII if that party was afforded sufficient notice of the charge and provided with an opportunity to participate in the conciliatory process. *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130,* 657 F.2d 890, 905 (7th Cir.1981), *cert. denied,* 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982). Unfortunately for Mufich, the eight individual defendants were never apprised of the charge, much less provided with an opportunity to conciliate.

Despite the fact that Mufich's supervisors were never actually served with a charge of discrimination, Mufich argues that service of the charge upon Commonwealth Edison was sufficient to put them on notice. According to Mufich, the interests of Commonwealth Edison and its supervisors are "substantially identical." Contrary to Mufich's position, low-level supervisors—such as the defendants in this case—do not share common interests with the corporate entity solely because of their employment relationship. *See Curtis v. Continental Ill. Nat'l Bank,* 568 F.Supp. 740, 744 (N.D.Ill.1983). Although some of Mufich's supervisors may have been aware that a charge was pending against Commonwealth Edison, there is no evidence that they knew Mufich was also seeking to assert a claim against them personally. After all, the EEOC never informed the supervisors that they were the subject of an investigation.

In an attempt to diminish the effect of her failure to name the individual supervisors, Mufich argues that charges filed with the EEOC are to be construed liberally. *See Eggleston,* 657 F.2d at 906. In *Eggleston,* the court noted that complainants

**900**

should not be required to articulate their claims with precise detail. *Id.* Complainants typically file EEOC charges without the aid of counsel and without a working knowledge of technical pleading requirements. *Id.* The policy favoring liberal construction of EEOC charges, however, is not entitled to much weight in the instant case. Mufich was represented by counsel long before she filed a charge with the EEOC. She has not demonstrated that she signed the charge in an uninformed or otherwise involuntary manner. Consequently, her failure to properly name the individual defendants is fatal to her Title VII claim against those defendants. The court enters summary judgment in favor of defendants Busse, Hamburg, Mailey, Meerbrey, Rutkowski, Shaffer, Wurster, and Zriny.

### C. Motion to Strike Mufich's Discovery Requests

■ Mufich has already submitted her requests for discovery to the defendants. Anticipating dismissal from this lawsuit, defendants have moved to strike the discovery requests. Having dismissed the eight individual defendants, the court now grants the motion to strike Mufich's discovery requests.

### III. CONCLUSION

For the foregoing reasons, defendants' motion to strike plaintiff's request for compensatory and punitive damages is granted. The motion to strike Mufich's reference to "her rights, privileges and immunities secured to her by the Constitution and the laws of United States," as set forth in paragraph 14 of the complaint, is also granted. Furthermore, the court grants defendants' motion for summary judgment; defendants Ron Busse, Don Hamburg, Fred Mailey, Bill Meerbrey, Ted Rutkowski, Ed Shaffer, Herman Wurster, and Bob Zriny are hereby dismissed from this case. Accordingly, the motion to strike plaintiff's discovery requests with respect to those defendants is granted.

IT IS SO ORDERED.