**AMERICAN PFAUTER, LTD., Plaintiff,**

v.

**FREEMAN DECORATING COMPANY/the FREEMAN COMPANY, Chicago I & D Services, Inc., South End Cartage Company, Curtis Warehouse Co., Curtis Companies and William J. Curtis Co., Defendants.**

No. 91 C 3686.

United States District Court,
N.D. Illinois, E.D.

Sept. 10, 1991.

Scott W. Hoyne, Johnson & Bell, Ltd., Steven Joseph Zick, Ill. Atty. Gen.'s Office, Chicago, Ill., for plaintiff American Pfauter, Ltd.

Charles M. Fraenkel, Leahy, Eisenberg & Fraenkel, Ltd., Michael Edward Dowd, Robert C. Yelton, III, Lawrence R. La Susa, Dowd & Dowd, Ltd., Joel S. Ostrow, Chicago, Ill., for defendant Freeman Decorating Co./The Freeman Co.

Steven B. Belgrade, John A. O'Donnell, Belgrade & O'Donnell, Chicago, Ill., for Chicago I & D Services, Inc.

John Joseph McInerney, Charles M. Fraenkel, Chicago, Ill., for South End Cartage Co.

Corey Patrick O'Dell, James Patrick McCarthy, Susan Gunty, Scott Rosengarden, Gunty and McCarthy, Chicago, Ill., for all other defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Defendant Freeman Decorating Co. ("Freeman") has moved to dismiss the claim brought against it by plaintiff American Pfauter, Ltd. ("American Pfauter"), whose nine-count complaint sets forth a variety of claims against perhaps six different defendants. Freeman argues that this court does not have jurisdiction over the negligence claim in Count I of the complaint, the only count in which it is named. For the reasons set forth below, we deny Freeman's motion to dismiss.

The following facts are not disputed by Freeman. American Pfauter is an Illinois corporation that manufactures and sells certain machinery. The company displayed a Lorenz gear shaping machine at a trade show held September 5–13, 1990, in Chicago's McCormick Place Complex, a large indoor exhibition facility. In planning the logistics of its participation at that trade show, American Pfauter entered into certain contractual arrangements with defendant Chicago I & D Services, Inc. ("Chicago I & D"), a company that provides services to trade show participants.

Chicago I & D agreed to deliver the gear shaping machine to McCormick Place, install the machine for the trade show, dismantle it after the show, deliver it to a certain warehouse, and store it at the warehouse. Acting as a kind of general con-

tractor, Chicago I & D made arrangements with other companies to actually perform the tasks just listed. Freeman, for example, was hired by Chicago I & D to dismantle the gear shaping machine and load it onto a truck owned by defendant South End Cartage Co. ("South End"). Count I of American Pfauter's complaint alleges that Freeman negligently loaded the machine onto South End's truck, and that, as a result of Freeman's acts or omissions, "the machine fell off the truck and was greatly damaged." Complaint at 3.

This suit is in federal court by virtue of American Pfauter's allegations in Counts II and IV under the so-called Carmack Amendment, 49 U.S.C.A. § 11707 (1991 Supp.), which permits civil actions "in a United States district court." *Id.* at § 11707(d)(2)(B). Counts I, III, V, VIII, IX, and X (negligence), and Count VII (breach of contract) are common law claims that need not ordinarily be adjudicated in federal court.[1]

Neither Freeman nor American Pfauter appear to have a particularly firm grasp of the nuances of federal jurisdiction. Both, for example, devote their various memoranda to a discussion of pendent jurisdiction, a doctrine that no longer exists. The relevant jurisdictional theory that might keep Freeman in federal court is the statutory doctrine of supplemental jurisdiction, which applies to actions commenced and pending after December 1, 1990. *See* 28 U.S.C.A. § 1367 (1991 Supp.).

■ Thus, some brief mention of the "ins" and "outs" of supplemental jurisdiction is in order. With limited exceptions, a federal district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy...." *Id.* at § 1367(a). Significantly, "[s]uch supplemental jurisdiction shall include claims that involve the joinder

or intervention of additional parties." *Id.* The exceptions in this instance, given that American Pfauter's Carmack Amendment claims are not based on diversity, are found in subsection (c). There, we discover that we may decline to exercise supplemental jurisdiction if (1) "the claim raises a novel or complex issue of State law"; (2) "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction"; (3) "the district court has dismissed all claims over which it has original jurisdiction"; or (4) "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* at § 1367(c)(1)–(4).

■ Section 1367(a) overrules previous case law, specifically *Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989), and *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), prohibiting "pendent party jurisdiction." *See generally* Practice Commentary, 28 U.S.C.A. § 1367, at 221 (discussing new statute). Supplemental jurisdiction supports federal jurisdiction over state claims brought against a party even when that party is not subject to the federal claim primarily at issue. Here, that would mean that we have jurisdiction, if we so choose, over the negligence claim against Freeman even though Freeman is not being sued by American Pfauter under the Carmack Amendment.

■ We find no basis, at this juncture, to decline jurisdiction over § 1367(c). Of the four possible justifications for such action, only subsection (c)(2) is relevant now, and it does not afford Freeman the relief requested. At root, American Pfauter's suit is about Chicago I & D's alleged failure to fulfill certain contractual obligations, a failure apparently actionable in federal court under the Carmack Amendment. American Pfauter prudently named all other parties connected to that alleged failure, one of whom is Freeman. We cannot say that Count I "substantially predominates" over

---

1. The complaint does not contain a Count VI, which explains the presence of Count X in a nine-count complaint.

the Carmack Amendment claim, and therefore have no reason to decline jurisdiction over Freeman. Accordingly, the motion to dismiss is denied. It is so ordered.