**Kathy A. HOLLMAN, Plaintiff,**

v.

**UNITED STATES of America, Goodwill Industries of Central Pennsylvania, Inc., Defendants.**

**Civ. A. No. 1:CV–91–1595.**

United States District Court, M.D. Pennsylvania.

Jan. 16, 1992.

Michael J. Navitsky, Angino & Rovner, P.C., Harrisburg, Pa., for Kathy A. Hollman.

Michael J. Kane, Harrisburg, Pa., for U.S.

Irwin Schneider, Scranton, Pa., and Douglas B. Marcello, Thomas & Thomas & Hafer, Harrisburg, Pa., for Goodwill Industries of Cent. Pennsylvania, Inc.

## MEMORANDUM

CALDWELL, District Judge.

We are considering the motion of defendant, Goodwill Industries of Central Pennsylvania, Inc. (Goodwill), to dismiss plaintiff's complaint for lack of subject matter jurisdiction.[1]

The plaintiff, Kathy A. Hollman, filed this lawsuit against the United States and Goodwill, alleging she was injured as a result of their negligence when she slipped and fell on some melted snow in the lobby of the Federal Building in Harrisburg, Pennsylvania. The United States had allegedly contracted with Goodwill to provide janitorial services, which included keeping the lobby floors clean.

Goodwill asserts that this court lacks subject matter jurisdiction over the claim against it because the only basis of jurisdiction set forth in the complaint is The Federal Tort Claims Act (FTCA). *See* 28 U.S.C.A. § 1346(b). The defendant argues that the FTCA does not confer jurisdiction on private tortfeasors. It also asserts that pendent jurisdiction is not available. *See, e.g., Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989). Further, Goodwill points out that diversity jurisdiction is lacking because the plaintiff alleges in essence that she and Goodwill are both citizens of Pennsylvania.[2] The plaintiff responds that the court should exercise pendent jurisdiction, but if we decline to do so, we should transfer the case to the appropriate state forum.

Although neither party has mentioned it, our exercise of jurisdiction over Goodwill is controlled by 28 U.S.C.A. § 1367(a) (West Supp.1991) which provides, in pertinent part, that a federal district court:

shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that include joinder or intervention of additional parties.

The requirements of this section are satisfied here. The claim against Goodwill is so related to the claim against the United

---

1. Defendant also moved in the alternative for a more definite statement, arguing that the complaint did not sufficiently distinguish between it and the United States. This issue was not briefed, however, and we consider it abandoned. In any event, the complaint is specific enough as to the two defendants.

2. The complaint is somewhat ambiguous in this regard, but in arguing the motion, plaintiff does not dispute that diversity is lacking.

States that the claims form part of the same Article III case or controversy—they derive from a common nucleus of operative fact and would ordinarily be expected to be tried together. *See Arnold v. Kimberly Quality Care Nursing Service*, 762 F.Supp. 1182, 1186 (M.D.Pa.1991) (Caldwell, J.) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). Section 1367(a) therefore gives us jurisdiction over Goodwill even though normally there would be no independent ground of jurisdiction. *See American Pfauter, Ltd. v. Freeman Decorating Co.*, 772 F.Supp. 1071, 1073 (N.D.Ill.1991) ("Section 1367(a) overrules previous case law, specifically *Finley* ... Supplemental jurisdiction supports federal jurisdiction over state claims brought against a party even when that party is not subject to the federal claim primarily at issue."). Thus, we have jurisdiction over Goodwill even though Goodwill could not have been sued under the FTCA. We will therefore deny its motion to dismiss.[3]

**3.** Additionally, we see no reason to decline jurisdiction under section 1367(c).