**Richard L. BRIGHT, Plaintiff,**

.v.

**ROADWAY SERVICES, INC. and Spartan Central Express, Inc., Defendants.**

**No. 93 C 6378.**

United States District Court, N.D. Illinois, E.D.

March 18, 1994.

Michael David Robbins, Chicago, IL, for plaintiff.

Richard C. Robin, Vedder, Price, Kaufman & Kammholz, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is the motion of defendant, Roadway Services, Inc. ("Roadway"), to dismiss the Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Proce-

---

1. Roadway also makes an argument based on lack of subject matter jurisdiction, which makes

dure,[1] for failure to state a claim upon which relief can be granted. For the reasons set forth below, the court grants defendant's motion.

## I. BACKGROUND

Plaintiff Richard L. Bright filed his Complaint on October 21, 1993, alleging: (1) age and race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621 *et seq.*, respectively; (2) retaliatory discharge; and (3) intentional infliction of emotional distress. Plaintiff brings these claims against Spartan Central Express, Inc. ("Spartan"), and Roadway. The second and third causes of action are brought as pendent state claims.

Plaintiff, at the time of the Complaint a 51 year-old African American, began working for Spartan on November 25, 1991, and continued working for the company as a truck driver until his termination in April 1992. Plaintiff alleges that his supervisors consistently harassed and eventually fired him because of his age and race. Additionally, plaintiff claims that his termination was in retaliation for his filing a Worker's Compensation claim. Finally, plaintiff claims that his "sudden termination" was an "outrageous act," causing him "severe emotional distress."

According to plaintiff's Complaint, Spartan is a subsidiary of Roadway, an allegation taken as true for purposes of this motion. Plaintiff alleges that due to the fact that Roadway "owns and controls" Spartan, Roadway has "ratified and affirmed" all of the acts of discrimination alleged in plaintiff's Complaint. Thus, plaintiff seeks to hold both Spartan and Roadway liable for the acts alleged in his Complaint.

Within 180 days of plaintiff's termination, plaintiff filed a charge of age and race discrimination with the Equal Employment Opportunity Commission ("EEOC"). However, the only respondent plaintiff named in the EEOC charge was Spartan. Attempts at

the motion brought under Rule 12(b)(1) as well.

conciliation were unsuccessful, and plaintiff received a right-to-sue letter from the EEOC. Within 90 days of receiving his right-to-sue letter, plaintiff filed his Complaint with this court, naming both Spartan and Roadway as defendants.

## II. *DISCUSSION*

### A. *Dismissal of Plaintiff's Title VII and ADEA Claims (Count I)*

Roadway offers two arguments in support of its motion as to Count I. First, Roadway contends that because it was not named as a respondent in plaintiff's EEOC charge, it must be dismissed from this action. Second, Roadway contends that the facts alleged in plaintiff's Complaint fail to state a claim against it for the alleged discrimination. Because the court grants defendant's motion on the basis of its first argument, the court need not address its second argument.

■■■ Generally, a party not named as a respondent in an EEOC charge may not be sued in a Title VII action. *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir.1989); *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir.1981), *cert. denied*, 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982).[2] Because ADEA and Title VII share a common purpose and because the filing requirements of the two statutory schemes are similar, this principle applies with equal force to actions brought under ADEA. *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 756, 99 S.Ct.

2066, 2071, 60 L.Ed.2d 609 (1979); *Pauls v. Elaine Revell, Inc.*, 571 F.Supp. 1018, 1020 (N.D.Ill.1983) ("ADEA procedural provisions generally receive the same interpretation as their Title VII counterparts."). The purpose of imposing this administrative requirement is two-fold: it provides notice to the party to be sued, and it affords that party an opportunity to participate in conciliation in an effort to voluntarily comply with Title VII. *Eggleston*, 657 F.2d at 905. Nevertheless, it is not a *jurisdictional* prerequisite. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *Perkins v. Silverstein*, 939 F.2d 463, 469–70 (7th Cir.1991). Instead, the requirement is a condition precedent to bringing suit, comparable to a statute of limitations. *Perkins*, 939 F.2d at 470. As such, the requirement is subject to equitable modification such as waiver, estoppel or tolling. *Zipes*, 455 U.S. at 393, 102 S.Ct. at 1132; *Liberles v. County of Cook*, 709 F.2d 1122, 1125 (7th Cir.1983).

The Seventh Circuit has recognized an exception to the rule that parties to a Title VII suit must be named in the administrative charge. *Schnellbaecher*, 887 F.2d at 126–27; *Eggleston*, 657 F.2d at 905. Specifically, "where an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance, the charge is sufficient to [allow a cause of action against] that party." *Eggleston*, 657 F.2d at 905.[3] This exception fulfills the

---

**2.** 42 U.S.C. § 2000e–5(f)(1) provides that "within ninety days after the giving of such notice [of intent to sue] a civil action may be brought against the respondent named in the charge."

**3.** In *Eggleston*, the Seventh Circuit also applied a four-pronged test taken from *Glus v. G.C. Murphy Co.*, 562 F.2d 880 (3d Cir.1977) ("*Glus* test"). Under the *Glus* test, the following four factors are relevant to determining whether to excuse a failure by an individual plaintiff to name a defendant in the EEOC charge:

"(1) Whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint.
(2) Whether, under the circumstances, the interests of a named party are so similar to the unnamed party's that for the purpose of obtaining voluntary conciliation and compli-

ance it would be unnecessary to include the unnamed party in the EEOC proceedings.
(3) Whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party.
(4) Whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party."

*Eggleston*, 657 F.2d at 907–08 (quoting *Glus*, 562 F.2d at 888). Neither party in its pleadings has urged that the court apply the *Glus* test or provided it with the information to do so. In any event, the *Glus* test was not applied, nor was it even mentioned, by the Seventh Circuit in *Schnellbaecher*. Thus, it appears that the *Eggleston* "notice" analysis, and not the *Glus* test, controls the standard by which courts in this circuit determine whether a party not named in an EEOC charge is amenable to suit. For those

purposes of the administrative requirement, while at the same time preventing frustration of the goals of Title VII by not requiring procedural exactness in stating the charges. *See, e.g., Eggleston,* 657 F.2d at 905–06.

Plaintiff argues in opposition to Roadway's motion that the facts of the present case fit the *Eggleston* exception. Both parties agree that Roadway received notice of the EEOC charge against Spartan. In addition, both parties agree that Roadway's in-house legal counsel appeared before the EEOC in an attempt to conciliate on behalf of Spartan. The parties, however, disagree as to whether these occurrences are sufficient to excuse plaintiff's failure to name Roadway in his EEOC charge.

The facts of the present case are similar to those in *Schnellbaecher,* where the court dismissed a parent corporation that had not been named as a respondent. In *Schnellbaecher,* the parent company received notice of the EEOC charge against its subsidiary because both entities "had common corporate offices, corporate counsel and managerial staffs." 887 F.2d at 126. Nevertheless, the court reasoned that the EEOC charge against the subsidiary had not informed the parent of any charges against it and had not provided the parent an opportunity to conciliate on its own behalf. *Id.* at 127.

 Accordingly, the decisive factor in determining if an unnamed defendant is a proper party to a Title VII action is whether the unnamed defendant had notice that *it* was subject to suit. When a party has notice of the possibility of a discrimination action against it, that party has the opportunity, or at least the incentive, to conciliate. *See, e.g., Eggleston,* 657 F.2d at 906–07. Thus, where the unnamed defendant is named or sufficiently alluded to on the face of the EEOC charge, the defendant may be amenable to suit. *Vakharia v. Swedish Covenant Hosp.,* 824 F.Supp. 769, 774–75 (N.D.Ill.1993) (mo-

tion to dismiss denied where charge alluded to defendants as participating in discrimination); *Perera v. Flexonics, Inc.,* 727 F.Supp. 406, 410 (N.D.Ill.1989) (motion to dismiss denied where unnamed defendant mentioned by name in EEOC charge); *Pauls v. Elaine Revell, Inc.,* 571 F.Supp. 1018, 1022 (N.D.Ill. 1983) (motion to dismiss denied where unnamed defendant specifically named in charge as individual responsible for discrimination).

 By contrast, where the unnamed defendant has no indication of a possible action against it, and thus no opportunity or incentive to conciliate on its own behalf, the defendant is properly dismissed from the action. *Allen v. City of Chicago,* 828 F.Supp. 543, 556 (N.D.Ill.1993) (motion to dismiss granted where defendant city commissioners had notice of charge against city but no notice of charges against them as individuals); *Stephenson v. CNA Fin. Corp.,* 775 F.Supp. 238, 239–40 (N.D.Ill.1991) (motion to dismiss granted where defendant corporate officers had no notice of possible action against them apart from action against corporation); *Mufich v. Commonwealth Edison Co.,* 735 F.Supp. 897, 899–90 (N.D.Ill.1990) (motion to dismiss granted where defendant supervisors knew of charge against corporation but not of possible suit against them); *Feng v. Sandrik,* 636 F.Supp. 77, 81 (N.D.Ill.1986) (motion to dismiss granted where defendant board members were aware of charge against university but not of any charge against them personally).

Plaintiff nonetheless argues that Roadway should be estopped from seeking dismissal from this action due to its "active participation in the administrative proceedings." (Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss at 4) While this argument is not without merit,[4] it is foreclosed by the decision in *Schnellbaecher.*[5]

---

reasons, the court will not apply the *Glus* test to the facts of the present case.

4. In *Eggleston,* the court reasoned that "if a party has a close relationship with a named respondent, ... and has actual notice of the EEOC charge, ... to the extent that the [unnamed party] could have participated in conciliation efforts, the [unnamed party] 'should not be heard to cry

'foul' when later made a defendant in a suit....'" *Eggleston,* 657 F.2d at 907 (quoting *Stevenson v. International Paper Co.,* 432 F.Supp. 390, 397–98 (W.D.La.1977)).

5. Although there was no express indication in *Schnellbaecher* that counsel for the parent company appeared before the EEOC on behalf of its

Indeed, a case with virtually identical facts as those in the present case was referenced by the Seventh Circuit in *Schnellbaecher.* In *Evans v. Meadow Steel Prods., Inc.,* 579 F.Supp. 1391 (N.D.Ga.1984) (*"Evans II"*), the court dismissed the unnamed parent company from the plaintiff's Title VII action, even though the parent had received notice of the EEOC charge and had participated in conciliation proceedings on behalf of its subsidiary. Earlier the court had denied the defendant's motion to dismiss, reasoning that, because the parent company received a copy of the EEOC charge, it necessarily had ·been investigated by the EEOC. *Evans v. Meadow Steel Prods., Inc.,* 572 F.Supp. 250, 255 (N.D.Ga.1983) (*"Evans I"*). Once the parent company informed the court that it received the EEOC charge and participated in the EEOC proceedings only in a representative capacity for its subsidiary, however, the court granted the parent's motion to reconsider and dismissed that party from the action. *Evans II,* 579 F.Supp. at 1393. The court concluded that receipt of the EEOC charge, as well as the appearance on behalf of its subsidiary, did not satisfy the requirements that the unnamed defendant have notice and a chance to conciliate on its own behalf. *Id.*[6]

■ Like the parent company in the *Evans* decisions, Roadway may have had notice of plaintiff's EEOC charge and participated in conciliation proceedings. Roadway did not have notice that it was subject to a discrimination action and, thus, did not have the opportunity to conciliate *on its own behalf.* Consequently the *Eggleston* exception, as clarified in *Schnellbaecher,* does not apply to the present case, and Roadway is dismissed with prejudice from Count I of plaintiff's Complaint.

### B. *Dismissal of Plaintiff's State Law Claims (Counts II and III)*

Defendant offers two arguments in support of its motion to dismiss plaintiff's retaliatory discharge (Count II) and intentional infliction of emotional distress (Count III) claims. First, Roadway contends that plaintiff's state law claims against it should be dismissed for lack of subject matter jurisdiction. FED. R.CIV.P. 12(b)(1). Second, defendant contends that even if this court retains jurisdiction over plaintiff's state law claims, it should nevertheless dismiss the claims because plaintiff has failed to state a claim upon which relief can be granted. FED.R.CIV.P. 12(b)(6).

#### 1. *Lack of subject matter jurisdiction*

■ Because no federal claims remain against Roadway, the remaining state claims against the defendant fall under what once was called "pendent party jurisdiction." Pendent party jurisdiction refers to the joinder of a federal claim against one defendant with a state claim against another defendant. *Bernstein v. Lind–Waldock & Co.,* 738 F.2d 179, 187 (7th Cir.1984). Before a 1990 statutory development, federal courts looked with disfavor at allowing pendent party jurisdiction, based upon the principle that federal courts have limited jurisdiction and the fact that there is generally an alternative forum available to the plaintiff. *See generally Brazinski v. Amoco Petroleum Additives Co.,* 6 F.3d 1176, 1181–82 (7th Cir.1993) (discussing viability of pendent party jurisdiction after *Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989)).

Nevertheless, the doctrine has been brought back to life by being included in what is now called "supplemental jurisdiction." 28 U.S.C. § 1367. The Judicial Improvements Act of 1990, codified in part at 28 U.S.C. § 1367, gives federal courts the power

subsidiary, because the parent and subsidiary shared the same counsel, *Schnellbaecher,* 887 F.2d at 125, it is reasonable to assume that, if conciliation proceedings took place, an attorney common to both corporations was involved.

**6.** The Seventh Circuit actually cited the first *Evans* decision, *Evans I,* 572 F.Supp. 250 (cited in *Schnellbaecher,* 887 F.2d at 127), which denied the parent company's motion to dismiss, as an

example of a court that disagreed with the Seventh Circuit's holding that a parent must have notice of an EEOC charge against *it* to be later amenable to suit. What is interesting is that the *Evans II* court, when fully informed of the nature of the EEOC proceedings, reversed itself and issued a holding in line with the Seventh Circuit's approach. 579 F.Supp. 1391.

to hear claims lacking an independent basis for federal jurisdiction.[7] This statutory provision effectively overruled *Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989), and *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), which had foreclosed pendent party jurisdiction. *American Pfauter, Ltd. v. Freeman Decorating Co.,* 772 F.Supp. 1071, 1073 (N.D.Ill.1991). Moreover, the grant of jurisdiction appears to be mandatory by its term "shall have supplemental jurisdiction," thereby limiting the court's discretion to refuse to take such jurisdiction to only certain specified circumstances. *See* 28 U.S.C. § 1367(a) & Practice Commentary at 834. A court may decline to exercise supplemental jurisdiction if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

In *American Pfauter,* the plaintiff filed a nine-count complaint against six different defendants. The only count in which defendant Freeman Decorating Co. ("Freeman") was named alleged common law negligence, while several additional counts naming other defendants formed the basis for federal jurisdiction. Freeman moved to dismiss the claim against it, arguing that the court lacked subject matter jurisdiction. The court found none of the above-quoted exceptions applicable and thus retained jurisdiction over the state claim against Freeman. *American Pfauter,* 772 F.Supp. at 1073–74; *see also United States v. Tazzioli Construction Co.,* 796 F.Supp. 1130, 1132 (N.D.Ill.1992) (exer-cising pendent party jurisdiction after concluding that none of the exceptions in section 1367(c) applied).

██ The present case is similar to *American Pfauter.* The federal claims, under Title VII and ADEA, remain against Spartan. The supplemental state claims of retaliatory discharge and intentional infliction of emotional distress arise from the same conduct alleged in the discrimination count and are "so related" to that claim that they "form part of the same case or controversy." *Cf. ITT Commercial Fin. Corp. v. Unlimited Automotive, Inc.,* 814 F.Supp. 664, 669 (N.D.Ill.1992) ("Where multiple remedies (one of which falls in the court's original jurisdiction) stem from a single wrong . . ., the court should find that the claims against all of the defendants comprise the 'same case or controversy.'"). None of the exceptions listed in 28 U.S.C. § 1367(c) is applicable to the present case and, accordingly, the court retains jurisdiction over Counts II and III of the Complaint as against Roadway.

### 2. *Failure to state a claim*

██ Defendant Roadway also moves for dismissal of Counts II and III of plaintiff's Complaint on the basis that those counts fail to state a claim against Roadway. A Rule 12(b)(6) motion to dismiss for failure to state a claim may be granted if it is beyond doubt that the plaintiff is unable to prove any set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The court will accept as true all well-pleaded facts and reasonable inferences from those facts, but the court "will not strain to find inferences favorable to the plaintiff[ ]" which are not contained within the complaint. *Coates v. Illinois State Board of Educ.,* 559 F.2d 445, 447 (7th Cir.1977). Moreover, "[m]erely stating . . . conclusions . . . does not make the allegations sufficient." *Jones v. Lampe,* 845 F.2d 755, 758 (7th Cir.1988). To survive a motion to dismiss, a complaint

---

7. 28 U.S.C. § 1367(a) provides:

[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

"must allege sufficient facts to outline the cause of action." *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir.1985), *cert. denied*, 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986).

Plaintiff seeks to pierce the corporate veil and hold Roadway liable for the acts of its alleged subsidiary. Plaintiff alleges that Roadway, "by virtue of the fact that it owns and controls [Spartan], has ratified and affirmed all of the acts of misconduct alleged [in the Complaint]." (Complaint ¶ 4) The Complaint contains no allegation of any act on the part of Roadway.

■ As a general rule, a parent company is not liable for the acts of its subsidiary. *See, e.g., Chicago Florsheim Shoe Store Co. v. Cluett, Peabody & Co.*, 826 F.2d 725, 728 (7th Cir.1987). "Under Illinois law,[8] a corporation is a legal entity separate and distinct from ... other corporations with which it may be affiliated." *Van Dorn Co. v. Future Chem. & Oil Corp.*, 753 F.2d 565, 569–70 (7th Cir.1985) (citing *Main Bank of Chicago v. Baker*, 86 Ill.2d 188, 56 Ill.Dec. 14, 21, 427 N.E.2d 94, 101 (1981)). Thus, to pierce the corporate veil under Illinois law, two elements must be met: " '[F]irst, there must be such unity of interest and ownership that the separate personalities of the corporation and the individual [or other corporation] no longer exist; and second, circumstances must be such that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice.' " *Van Dorn*, 753 F.2d at 569–60 (quoting *Macaluso*

*v. Jenkins*, 95 Ill.App.3d 461, 50 Ill.Dec. 934, 938, 420 N.E.2d 251, 255 (2d Dist.1981) (other citations omitted)). Nevertheless, this exception to the general rule is not favored by Illinois courts and is "stringently applied." *Hornsby v. Hornsby's Stores, Inc.*, 734 F.Supp. 302, 307 (N.D.Ill.1990) (citing *Chicago Florsheim Shoe Store Co.*, 826 F.2d at 728).

■ Although in reviewing a motion to dismiss the court is concerned with pleadings and not proof, plaintiff's conclusory allegation that Roadway is liable for Spartan's acts because it "owns and controls" Spartan is insufficient as a matter of law to state a claim against Roadway. For example, in *Hornsby* the court held that the plaintiffs' allegations were insufficient to state a claim against a parent company for the acts of its subsidiary. 734 F.Supp. at 308. In *Hornsby* it was undisputed that the two corporations shared directors, office space and office staff. Nevertheless, the court held that, without more, " '[t]he separate corporate entities of two corporations may not be disregarded merely because one owns the stock of another or because the two share common directors or occupy the same office space.' " *Id.* (quoting *Sumner Realty Co. v. Willcott*, 148 Ill.App.3d 497, 101 Ill.Dec. 966, 969, 499 N.E.2d 554, 557 (5th Dist.1986), *appeal denied*, 113 Ill.2d 585, 106 Ill.Dec. 56, 505 N.E.2d 362 (1987)).

Plaintiff's allegations in the present case are more sparse than those in *Hornsby*. In fact, plaintiff alleges in his Complaint that Roadway's principal place of business is in

---

8. Although defendant, in its memorandum in support of its motion to dismiss, cites Illinois law regarding the requirements necessary to pierce the corporate veil, it is unclear whether Illinois law actually applies to this determination. In general, the law of the state of incorporation (not indicated in any pleading) governs whether to pierce the corporate veil. *See, e.g., United Nat'l Records, Inc. v. MCA, Inc.*, 616 F.Supp. 1429, 1431 (N.D.Ill.1985) (applying California law to determine whether to pierce the corporate veil of a California corporation). Plaintiff has not challenged defendant's citation of Illinois law, so at least for purposes of this motion the court applies that state's law to the veil-piercing issue. In any event, both parties agree that Roadway's principal place of business is in Ohio. Nevertheless, the requirements necessary under Ohio law to pierce the corporate veil are similar to those under Illinois law. *See, e.g., Belvedere Condominium Unit Owners' Ass'n v. R.E. Roark Cos.*, 67 Ohio St.3d 274, 617 N.E.2d 1075, 1086 (1993) (citing *Bucyrus-Erie Co. v. General Prods. Corp.*, 643 F.2d 413, 418 (6th Cir.1981)). There are three elements necessary under Ohio law to pierce the corporate veil: (1) control over the corporation by those to be held liable so complete that the corporation has no separate mind, will or existence of its own; (2) control over the corporation by those to be held liable exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity; and (3) injury or unjust loss to the plaintiff from such control and wrong. *Id.* Thus, even applying Ohio law to the facts of the present case, plaintiff fails to state a cause of action against Roadway.

Akron, Ohio, while Spartan's principal place of business is in Burbank, Illinois. Nevertheless, plaintiff attempts to pierce the corporate veil by alleging that Roadway "owns and controls" Spartan. Thus, plaintiff's allegations are more akin to those in *Patel v. American Tel. & Telegraph, Inc.*, No. 93 C 117, 1993 WL 384569 (N.D.Ill. Sept. 27, 1993), where the plaintiffs alleged that the parent company was liable for its subsidiary's breach of contract because the parent company "controlled" the subsidiary. The court dismissed the parent company from the action, ruling that the plaintiffs' allegations were insufficient to state a claim for " 'veil piercing' " against the parent company. *Id.* at *3.

In sum, plaintiff has failed to sufficiently outline a cause of action against Roadway on a veil-piercing theory. Moreover, there is no allegation that recognizing separate corporate existence would promote injustice or sanction a fraud. Therefore, as to Counts II and III Roadway's motion is granted, and accordingly Roadway is dismissed without prejudice from Counts II and III of plaintiff's Complaint pursuant to Rule 12(b)(6).

### III. CONCLUSION

For the foregoing reasons, the court grants defendant Roadway's Motion to Dismiss the Complaint. Count I as against defendant Roadway is dismissed with prejudice. FED.R.CIV.P. 12(b)(6). Counts II and III as against defendant Roadway are dismissed without prejudice. FED.R.CIV.P. 12(b)(6). Accordingly, defendant Roadway is dismissed as a party-defendant in this case.