763 F.Supp. 1039 (1991)
Fred DOE and Lisa Doe, Plaintiffs,
v.
ALPHA THERAPEUTIC CORP., et al., Defendants.
No. 90-2398C(6).
United States District Court, E.D. Missouri, E.D.
May 20, 1991.
*1040 James P. Holloran, St. Louis, Mo., for plaintiffs.
William H. Sanders, James Borthwick, Blackwell Sanders Matheny Weary & Lombardi, Kansas City, Mo., for Alpha Therapeutic.
G. Keith Phoenix, Sandberg Phoenix & Von Gontard, St. Louis, Mo., Robert A. Limbacher, Richard Berkman, Dechert Price & Rhoads, Philadelphia, Pa., for Caremark, and Baxter (Travenol).
Gary McConnell, Peper Martin Jensen Maichel & Hetlage, St. Louis, Mo., Duncan Barr, O'Connor Cohn Dillon & Barr, San Francisco, Cal., William J. Hammes, Miles, Inc., Elkhart, Ind., for Miles.
Allen D. Allred, Thompson & Mitchell, St. Louis, Mo., Douglas F. Fuson, Sidley & Austin, Chicago, Ill., for Armour.
Frank N. Gundlach, Mary C. Kickham, Armstrong Teasdale Schlafly Davis & Dicus, St. Louis, Mo., Bruce M. Chadwick, Brendan Collins, Arnold & Porter, Edward Wolf, American Red Cross, Washington, D.C., for American Red Cross  Missouri/Illinois.

MEMORANDUM AND ORDER
GUNN, District Judge.
This matter is before the Court on the plaintiffs' motion to remand.
Plaintiffs originally filed this action in state court, alleging that plaintiff Fred Doe was contaminated with Human Immune Deficiency Virus (HIV) after being transfused with contaminated blood products supplied by defendants Alpha Therapeutic Corp., Travenol Laboratories, Inc., Miles, Inc. and Armour Pharmaceutical Company. Plaintiffs later amended their complaint to add the American Red Cross as a defendant. Defendants then removed the action to this Court pursuant to 28 U.S.C. § 1441, et seq., based on the specific grant of federal jurisdiction in the Red Cross charter, 36 U.S.C. § 2. That section provides that the Red Cross shall have "the power to sue and be sued in courts of law and equity, State or Federal."
In support of their motion to remand, plaintiffs state that the action is not removable because the claims asserted against the defendant Red Cross are not separate and independent from the claims asserted against the other defendants as required by 28 U.S.C. § 1441(c). That section provides as follows:
Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or in its discretion, may remand all matters in which State law predominates.
*1041 Plaintiffs rely on C.H. v. American Red Cross, 684 F.Supp. 1018 (E.D.Mo.1987), a similar action filed against Cardinal Glennon Children's Hospital and the American Red Cross. The court there remanded the action to state court, finding that all the claims were based on a single alleged wrong to the plaintiff, that is, contamination with the AIDS virus. The court relied on American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), in which the United States Supreme Court set forth the standard in such cases:
[W]here there is a single wrong to Plaintiff for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).
341 U.S. at 14, 71 S.Ct. at 540.
In response to plaintiffs' motion, defendant Red Cross states that § 1441(c), prior to its recent amendment, was directed to diversity jurisdiction and is not applicable to this case. Rather, defendant states that removal is proper under § 1441(a) which provides as follows:
Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court in which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending....
Since the statute incorporating the Red Cross confers original federal subject matter jurisdiction over claims asserted against it, defendant Red Cross states that removal is appropriate under § 1441(a).
In C.H., supra, the court held that 36 U.S.C. § 2, which is the statute incorporating the American Red Cross, confers original federal jurisdiction to the Red Cross. As noted above, the court then held that the claims against the Red Cross were not separate and independent from the other claims against the other defendants as required by § 1441(c) and granted plaintiff's motion to remand. But, finding that the issue "involves a controlling question of law as to which there is substantial ground for differences of opinion," the court ordered that defendants could apply for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). C.H., supra, 684 F.Supp. at 1025. However, because the court granted the plaintiff's motion to remand, its order was not reviewable by the appellate court. See 28 U.S.C. § 1447(d), which provides that an "order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."
The court in C.H. did not discuss the applicability of § 1441(a) as a basis for removal. This Court agrees with defendants that § 1441(a) appears to permit removal of the claims against the Red Cross as being within the Court's original jurisdiction and of the other claims pursuant to this Court's supplemental jurisdiction. In 28 U.S.C. § 1367, Congress codified the principle of pendent jurisdiction, providing:
[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
Plaintiffs contend that their claims against the other defendants are not separate and independent from those against the Red Cross. Therefore, pursuant to pendent (supplemental) jurisdiction, plaintiffs' other claims are supplemental to the claims against the Red Cross and, thus, appropriately within this Court's jurisdiction under § 1441(a).
This principle is noted by the court in Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n, 668 F.2d 962 (7th Cir.1982). Although that case was prior to enactment of the supplemental jurisdiction statute, it involved the same principle of pendent (supplemental) jurisdiction. In that case, the plaintiff filed a state claim in state court and then amended his complaint *1042 to add federal claims based on 42 U.S.C. § 1983. Defendants removed the action to federal court but not within the statutorily-required thirty-day time period. See 28 U.S.C. § 1446(b). In its decision to remand based on the untimely removal, the court stated:
The original complaint was removable, notwithstanding the presence of a state claim in the complaint. The state claim was so closely related to the federal claim that if Wilson had brought the case in federal court the court would have had pendent jurisdiction over the state claim. Therefore the entire complaint was within the original jurisdiction of the federal courts and hence removable under 28 U.S.C. § 1441(a).
668 F.2d at 964-65.
This Court also finds support for defendants' position in the "Commentary on the 1990 Revision" of § 1441(c), written by David D. Siegel, which is found at 28 U.S. C.A. § 1441, pp. 5-6, (1991 Cumulative Annual Pocket Part). The relevant portions of the commentary provide:
A nice question is whether there is any need for subdivision (c) if it is now to be restricted to use only in federal question cases.
Under subdivision (a) of § 1441, any case is removable to the federal court if it could have been brought there as a matter of original jurisdiction. An arising-under (federal question) claim of court fits that bill. But when the basis of removal is the federal nature of the claim, what is it that a subdivision (c) removal would carry along with the federal claim? A quick answer that pops to mind is: any state-based claim arising out of the same basic transaction, event or occurrence, or any related series of them, that would satisfy the "pendent" jurisdiction test pronounced by the U.S. Supreme Court in United Mine Workers v. Gibbs [383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).] ...

But in that case wouldn't "pendent jurisdiction" (now codified as "supplemental" jurisdiction ...) offer all the jurisdictional support the state claim needs? Wouldn't the removal of the federal claim under subdivision (a) carry along the "pendent" state claim? It probably would, and if it did there would be no need to rely on subdivision (c) to get a ride into the federal court for the state claim. The House Report (p. 23) acknowledges this, but nevertheless postulates that the availability of subdivision (c) for removal of the state claims in such a case would make removal easier; that if there is some doubt in the particular case as to whether there would be "pendent" jurisdiction to support removal under subdivision (a), a safer bet may be to rely on subdivision (c). Under § 1441(c), the relatedness of the non-federal claim to the federal claim should be less, not more, than that required for an exercise of "pendent" jurisdiction. It is the relatedness of the two claims that is the raison-d'etre of pendent jurisdiction, while removal under § 1441(c) comes closer to being postulated on their unrelatedness, as sounded by the very opening bars of § 1441(c): whenever "a separate and independent claim...." Hence one must question the first blush reaction that concludes that a pendent claim is the principal one that benefits from the amended subdivision (c). A claim that satisfies the "pendent" standard may for that very reason fail to satisfy the "separate and independent" criterion. Hence it may have to depend on subdivision (a) for removal, not subdivision (c).

But if subdivision (c) doesn't apply to the "pendent" claim, that leaves the question of what subdivision (c) does apply to. Restricted now to federal question cases but not needed for the most obvious federal question adjunct  the state claim that finds pendent jurisdiction in the federal claim  where can it operate? If it tries to operate on a state claim joined in the state action but wholly unrelated to the federal claim, it will have no basis at all for claiming federal jurisdiction and an attempt at removal under subdivision (c) would once again pose a constitutional issue. And even if removed, the claim wholly unrelated to *1043 the federal claim would almost certainly present matters in which state law "predominates," thus inviting an almost certain remand under the last clause of the amended § 1441(c).
All in all, with the elimination of the diversity category from subdivision (c) of § 1441, restricting it to federal question cases, and with the slim pickings the subdivision has in that realm, it may have to grope for some gainful employment.
(Emphasis added.)
This Court agrees with the court in C.H., supra, that removal here is improper pursuant to § 1441(c). Plaintiffs' claims are based on a single alleged wrong to the plaintiff  contamination with the AIDS virus. Yet, the Court agrees with defendants' position that removal was proper pursuant to § 1441(a). Plaintiffs' claims against the other defendants are so related to the claims against the Red Cross that they are pendent (supplemental) to them. In keeping with the court in C.H., this Court finds that an appellate court decision on this issue would materially advance the ultimate termination of this and future similar litigation. Therefore, following the Court in C.H., this Court will certify this issue for interlocutory appeal to the United States Court of Appeals, Eighth Circuit. See 28 U.S.C. § 1447(d).
This Memorandum and Order, in the opinion of the Court, involves a controlling question of law as to which there is substantial ground for differences of opinion and an immediate appeal from the order may materially advance the ultimate termination of the litigation. Therefore, the plaintiffs may make application for appeal under the provisions of 28 U.S.C. § 1292(b). If appeal is permitted, the proceedings herein shall be stayed until further order.
Accordingly, IT IS HEREBY ORDERED that the plaintiffs' motion for remand is denied.
IT IS FURTHER ORDERED that the plaintiffs may make application for appeal pursuant to 28 U.S.C. § 1292(b), and if appeal is permitted, these proceedings shall be stayed until further order. This Court finds that this Memorandum and Order involves a controlling question of law as to which there is substantial ground for differences of opinion and that an immediate appeal from this order may materially advance the ultimate termination of the litigation.
IT IS FURTHER ORDERED that defendants' motion to stay ruling on plaintiffs' motion to remand is denied as moot.