**Richard ROE, Plaintiff,**

**v.**

**LITTLE COMPANY OF MARY HOSPITAL, a Corporation, Prabodh Shaw, M.D., Armour Pharmaceutical Co., a Corporation, Beringwerke AG, Hyland Division of Travenol Laboratories, Inc., a Corporation, Hyland Division of Baxter Health Care Corp., a Corporation Cutter Biological Division of Cutter Laboratories, Inc., a Corporation, Cutter Biological Division of Miles, Inc., a Corporation, Alpha Therapeutic Corp., a Corporation, Portion Speywood Ltd.,**

**a Corporation, Blood Systems, Inc., a Corporation, American Red Cross Blood Services, Inc., a Corporation, American Red Cross, a Corporation, Mid–America Region of American Red Cross, a Corporation, John O'Donoghue, M.D., Michael O'Donoghue, M.D., and Mary Rosenow, M.D., Defendants.**

**No. 91 C 1781.**

United States District Court, N.D. Illinois, E.D.

Aug. 21, 1992.

Robert Bruce Patterson, Drumke & Patterson, Ltd., Chicago, Ill., for plaintiff.

Joseph A. Camarra, Cassiday, Schade & Gloor, William J. Rogers, Bollinger, Ruberry & Garvey, Robert B. Austin, Jason Ayres Parson, Lord, Bissell & Brook, Ronald L. Lipinski, Seyfarth, Shaw, Fairweather & Graldson, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

PARSONS, District Judge.

### I. *Background*

In 1984, the plaintiff, Richard Roe,[1] underwent a surgical procedure at the Little Company of Mary Hospital for treatment and removal of an enlarged spleen. Prior to and subsequent to the splenectomy, Roe received transfusions of multiple units of blood, apparently some of which was contaminated with the Human Immunodeficiency Virus ("HIV")—the virus that causes AIDS.

Roe filed the instant lawsuit in the Circuit Court of Cook County. His complaint asserted causes of action for negligence against the doctors involved in the splenectomy, the hospital and the suppliers of the blood that he received. One of those blood suppliers, the defendant American Red Cross ("Red Cross"), then removed the case to the federal court pursuant to 28 U.S.C. § 1441(a) (1991).

Roe then filed an objection to the removal of the instant case to the federal court. He asserted that this Court does not have subject matter jurisdiction over the state negligence claims between these non-diverse parties. Roe also asserted that the simple fact that the Red Cross was created by federal statute does not mean that the instant case presents a question "arising under" federal law, so as to confer original jurisdiction in this Court. *See*, 28 U.S.C. § 1331 (1991).[2]

The Red Cross countered that the statutory charter granting it the power to "sue or be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States"[3] confers original sub-

---

1. By order of the Circuit Court of Cook County entered on February 1, 1991, when the instant case was originally filed in that court, the plaintiff was granted leave to pursue his suit under a fictitious name.

2. That statute reads:

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treatise of the United States. 28 U.S.C. § 1331.

3. 36 U.S.C. § 2.

ject matter jurisdiction in the federal courts. Indeed, the Supreme Court of the United States, in *American National Red Cross v. S. G.,* —— U.S. ——, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992), determined that the "sue or be sued" language in the Red Cross' congressional charter was a statutory grant of subject matter jurisdiction in the federal courts "separate and independent" from jurisdiction based on 28 U.S.C. § 1331. *S. G.,* —— U.S. at ——, 112 S.Ct. at 2472.

■ Under the Supreme Court's decision in *S. G.,* the claim against the Red Cross in the instant case is properly within the subject matter jurisdiction of the federal courts. Under this condition, the Court must exercise jurisdiction over Roe's case insofar as it attempts to assert a claim against the Red Cross.

Nonetheless, in spite of the fact that the Court properly has subject matter jurisdiction over the claim against the Red Cross, Roe moves the Court to exercise its discretion under the statute governing the removal of cases to the federal courts codified at 28 U.S.C. § 1441 (1991) and remand the entire case, including that portion which relates to the claim against the Red Cross, back to the state court. Subsection (c) of that statute reads:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c). Roe asserts that this court does not properly have jurisdiction over the non-Red Cross defendants[4] and must remand the case back to state court as it relates to them. But, in order to avoid

piecemeal litigation, Roe insists that this Court should also transfer the case against the Red Cross as well.[5] Thus the Court must determine first whether it can properly assert jurisdiction over the non-Red Cross defendants, and second, even if it can, whether the Court can and should exercise its jurisdiction under the removal statute to remand the case back to the state court in which it was first filed.

## II. *Analysis*

Roe asserts that the entire action should be tried together before one court. In support of his position to remand the entire case, he explains that the claims between Roe and the different defendants are so "factually interrelated ... that concurrent litigation in the state court and federal court would be impractical and unduly burdensome on all parties." Thus in the interest of judicial efficiency, Roe asks that the entire case be returned back to the Circuit Court of Cook County. To determine whether and to what extent this case should be and can be remanded, the Court must determine: (A) the ability of this Court to exercise jurisdiction over the non-Red Cross defendants; and (B) whether it can exercise discretion and remand the case as a whole, even though it may have original jurisdictional authority over the Red Cross.

### A. Supplemental Jurisdiction

In order to promote his position that the instant case should be remanded, Roe first asserts that this Court does not actually have adequate jurisdiction over the negligence claims filed against the non-Red Cross defendants. This assertion, however, is not necessarily accurate.

Title 28 U.S.C. § 1367(a) (1991) provides (subject to certain exceptions not applicable here) that:

---

4. *See* note 5 *infra.*

5. The Red Cross is the only party in the case to take the position that the entire case remain in federal court. All of the other defendants take no position with respect to this jurisdictional question, with the exception of the defendant Dr. Prabodh Shah, who adopts Roe's position

requesting remand. Those references throughout the instant text to "non-Red Cross defendants" concerning this Courts exercise of jurisdiction over the defendants in the instant case include all defendants other than the Red Cross, including Dr. Shah.

in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy....

28 U.S.C. § 1367(a).[6] If the claims against the non-Red Cross defendants form part of the "same case or controversy" as the claim against the Red Cross, then the statute directs the Court to exercise supplemental jurisdiction over those claims.[7] The Court must thus determine whether it properly can exert supplemental jurisdiction over the claims against the non-Red Cross defendants.

In order to exert supplemental jurisdiction, the Court would need to find that the facts leading to the claims of liability and the subsequent claims against the non-Red Cross defendants are part of the "same case or controversy" as Roe's claim against the Red Cross. In the process of making this determination, the Court must define this "same case or controversy" concept as it must be understood in the context of the supplemental jurisdictional statute.

The concept of "supplemental" jurisdiction in § 1367 was developed as a comprehensive codification of the former doctrines of "pendent" and "ancillary" jurisdiction. Section 1367, designed as it was to avoid piecemeal litigation, requires that the claims of the parties encompassed within the Court's exercise of "supplemental" jurisdiction must arise from the "same case or controversy."

Though few cases have interpreted this relatively recently enacted statute, the "Legislative History" contained at 7B Moore's Federal Practice, § 1367, p. JC–557, note 2, teaches that subsection (a) codifies the scope of pendent jurisdiction first articulated by the Supreme Court in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).[8] *See also*, "Practice Commentary," by David Siegel, appended to 28 U.S.C. § 1367.

In *Gibbs*, a union was sued in federal court under both a federal law claim and a state law claim. Justice Brennan, writing for the Court grappled with the question of whether the federal courts had the jurisdictional *power* to hear the state law claim. Thus, the Supreme Court focused on the relationship between the federal and state law claims. The Supreme Court wrote that the federal courts have pendent jurisdiction over a state claim if the state and federal claims "derive from a common nucleus of operative fact." 383 U.S. at 725, 86 S.Ct. at 1138. In addition, the Supreme Court ruled that the exercise of pendent jurisdiction is proper if "plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding." *Id.* In determining supplemental jurisdiction, the Court is thus guided by the same "common nucleus of operative fact" and the same "expectation of a single forum" tests that are laid out in *Gibbs* in its "same case or controversy" analysis.

In the instant case, Roe's complaint alleges separate negligence claims against each defendant: the blood suppliers, by supplying tainted blood products; the phy-

---

**6.** Section 1367 was enacted in Pub.L. No. 101–650 § 310(c) and applies to all actions commenced on or after its December 1, 1990 effective date. The Complaint in this action was filed in Cook County Circuit Court on February 1, 1991, two months after the effective date of § 1367.

**7.** It is significant to note that § 1367(a) of the stature reads that the Court "shall" have supplemental jurisdiction, not "may" have supplemental jurisdiction, over the related claims. This "conferral [of supplemental jurisdiction] is in mandatory terms." "Practice Commentary," by David Siegel, appended to 28 U.S.C. § 1367.

To be sure, however, § 1367(c) does define four circumstances in which a district court may decline to exert supplemental jurisdiction. *See* text, part II.B.1. of the instant memorandum opinion for discussion of 28 U.S.C. § 1367(c).

**8.** Section 1367 was enacted in part to address the restrictive pendent jurisdiction holding of the Supreme Court contained in *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989) which rejected the doctrine of "pendant party jurisdiction." Subdivision (a) of § 1367 now concludes with a provision that reads, "supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties," overruling *Finley*.

sicians, by negligently prescribing blood product transfusion; and the hospital, by negligently supplying tainted blood products and failing to warn of its potentially contaminated condition. However, all of these claims are factually and logically intertwined. Roe asserts a single injury—an HIV infection—resulting from the allegedly negligent conduct of some or all of the defendants involved in his splenectomy in April of 1984.

 Where, as here, there is a single wrong alleged by a plaintiff arising out of an interlocked series of transactions and giving rise to the relief that is sought, the Court should find that the claims against all of the defendants form part of the "same case or controversy." *Cf., American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951) (where there is a single wrong alleged, there cannot be a separate and independent cause of action); *Doe v. Alpha Therapeutic Corp.*, 763 F.Supp. 1039, 1041 (E.D.Mo.1991) (case factually identical to the instant one in which the Court denied the motion for remand under 28 U.S.C. § 1441—finding that all the claims were based on the single alleged wrong of HIV infection); *C.H. v. American Red Cross*, 684 F.Supp. 1018, 1025 (E.D.Mo.1987) (case factually identical to the instant one; motion for removal under 28 U.S.C. § 1441—finding that all the claims were based on the single alleged wrong of HIV infection and thus the case against the Red Cross was not considered a "separate and independent claim or cause of action" from the non-removable claims).

In addition, Roe filed his entire case in one court—the Circuit Court of Cook County. Indeed, his motion seeks to have the entire case transferred to one forum in order to avoid the "impractical and unduly burdensome" difficulties that would arise from concurrent litigation in both the federal and state courts. This certainly evinces a reasonable expectation that the entire case would be heard in the same judicial proceeding. Under these circumstances, this Court finds that the facts underlying the several claims of the instant case satisfy the "same case or controversy" standard

required for the Court to exercise supplemental jurisdiction over the entire case. This finding does not, however, end the instant inquiry. The Court must still determine whether, in spite of the Court's jurisdictional power, it should exercise its discretion to remand the entire case back to the state court or keep the entire case before it.

### B. Discretion to Decline Jurisdiction or Remand

#### 1. *Declining Supplemental Jurisdiction under § 1367*

Subsection 1367(c) recites four specific circumstances in which the Court entertaining supplemental jurisdiction over a claim embraced within the provision of § 1367(a) may return the entire case to the state court. Those four circumstances are:

(1) when the claim raises a novel or complex issue of state law;

(2) when the claims over which the federal court would otherwise lack jurisdiction predominate over the claim which gives rise to federal jurisdiction;

(3) when the district court has dismissed all claims over which it had original jurisdiction; or,

(4) in exceptional circumstances, when there are other compelling reasons for declining jurisdiction.

The only one of the four circumstances which arguably applies to the facts of the instant case is the second one—where the "state" claims predominate over the "federal" claims. Therefore, this Court must determine whether the state claims so predominate, over the federal claims that the failure to remand the entire case would be an abuse if discretion, considering all of the circumstances.

In the instant case, the claim against the Red Cross presents a question of negligence on the part of the Red Cross, an ordinary tort claim such as is found in plaintiff's claims against all of the other defendants. They are all commonly found in state negligence causes of action. Thus those claims over which the Court could

assert supplemental jurisdiction—the state law claims—do predominate over the claim against the Red Cross which gives rise to federal jurisdiction. The question then becomes whether the Court should exercise its discretion to decline to assert jurisdiction over these claims and remand the case to the state court. Since this question is substantially related to the remand question under 28 U.S.C. § 1441, the exercise of this Court's discretion will be discussed in part II.B.2. below concerning § 1441 remand.

### 2. *Remand Pursuant to § 1441*

After the Case was filed by Roe, the Red Cross removed this case to the federal court pursuant to the removal statute at 28 U.S.C. § 1441(a). Roe moves that the Court not only decline jurisdiction over the supplemental claims under 28 U.S.C. § 1367, but also that the Court exercise is discretion to decline to assert jurisdiction over the claim against the Red Cross and remand the entire case back to the state court in which it was originally filed. Roe asserts that the Court can exercise its discretion to remand under subsection (c) of that same removal statute, 28 U.S.C. § 1441. Thus, the Court must determine whether § 1441(c) of the removal statute does in fact give the Court the discretion to remand the claim against the defendants.

Subsection (c) of § 1441 reads:

[W]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand

all matters in which State law predominates.

28 U.S.C. § 1441(c). Thus the statute authorizes the Court to either hear the entire case or exercise its discretion and remand back to the state court those matters in which state laws predominate. Because the Court has already determined that state laws predominate, it is clear under this section of the removal statute that the Court does have discretion to remand those claims that apply to the non-Red Cross defendants. However, before exercising its discretion, the Court must still determine whether it can remand the claim against the Red Cross.

#### (a). Remanding the Claim Against the Red Cross

Having earlier determined that this Court has jurisdiction over the claim against the Red Cross, the Court must now determine whether it has the authority to exercise discretion to remand the claim against the Red Cross, despite the jurisdictional grant. Section 1441(c) gives the Court discretion to remand those claims in which state laws predominate, as long as the Court's jurisdictional authority over the federal aspect of the case is "conferred by section 1331" of title 28 of the United States Code. Section 1441(a) does not, however, speak to those claims over which the Court asserts jurisdiction pursuant to some other statutory grant.[9]

 In *American National Red Cross v. S.G. & A.E., supra,* the Supreme Court determined that federal court jurisdiction over claims made against the Red Cross were based on the "separate and independent jurisdictional grant" of jurisdiction found in the Red Cross' "sue or be sued" clause under 36 U.S.C. § 2 (1991), not un-

---

**9.** Roe cites two cases, *Doe v. Alpha Therapeutic Corp.,* 763 F.Supp. 1039, 1041 (E.D.Mo.1991) and *C.H. v. American Red Cross,* 684 F.Supp. 1018, 1025 (E.D.Mo.1987), that are factually identical to the instant case for the proposition that this Court does have discretion under § 1441 to remand the instant claims. Both the *Doe* Court and the *C.H.* Court remanded the cases before them back to the state courts. However, both of these cases applied the law in effect prior to the 1990 Amendment.

In 1990, Congress amended subsection (c) of § 1441 to included the present qualifying language, "within the jurisdiction conferred by section 1331 of this title." Given the Supreme Court's holding in *S.G.* (discussed in the text at part II.B.2.(a) *infra*), the analysis of the old statute contained in both *Doe* and *C.H.* no longer applies to cases involving the Red Cross.

der the statutory "arising under" jurisdiction of 28 U.S.C. § 1331. *S.G.*, part IV.A., —— U.S. at ——, 112 S.Ct. at 2472. Justice Souter, writing for the majority, dismissed as "erroneous[ ]" the plaintiff's efforts to invoke a rule applicable only to 28 U.S.C. § 1331 analysis to a case involving a grant of jurisdiction that was "separate and independent" of 28 U.S.C. § 1331 jurisdiction. *Id.*

Given the Supreme Court's jurisdictional analysis in *S.G.*, the discretion conferred by 28 U.S.C. § 1441(c) to remand cases removed pursuant to § 1331 jurisdiction, does not apply to the instant case. The Supreme Court has determined that removal of the case is proper pursuant to 36 U.S.C. § 2 jurisdiction, a jurisdictional grant separate and independent from § 1331 jurisdiction. Thus, the Court does not have the discretion under 28 U.S.C. 1441(c) to remand the claim that applies to the Red Cross. For these reasons, that portion of Roe's motion must be denied. The Court is then left to determine whether it can and should exercise its discretion to remand the remainder of the case to the state court.

### (b). Remanding the Claims Against Non–Red Cross Defendants

■ The instant case states a series of claims for negligence—tort theories which presents claims solely of state law. Though these state law claims against the non-Red Cross defendants are properly before the federal court as a result of this Court's assertion of supplemental jurisdiction over those claims, nonetheless, under subsection (c) of § 1441, the Court "may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." Thus the authority to remand the claims against the non-Red Cross defendants is wholly within the sound discretion of the Court.

Because the Court must retain jurisdiction over those claims filed in the instant case against the Red Cross, if, in the exercise of its discretion, the Court were to decide to remand the case back to state court, it could only remand to the state court those claims brought against the non-Red Cross defendants. This would necessitate splitting the instant case into two separate cases. However, if the Court were to retain jurisdiction over the claims brought against the non-Red Cross defendants, the entire case would remain together to be heard in one court.

Roe asserts that "his claims against the defendants are factually interrelated to such a degree that concurrent litigation in the state court and federal court would be impractical and unduly burdensome on all parties." And while Roe vigorously argues that the Court should remand this case back to the state court, he does so under the assumption that the Court has within its discretion the ability to remand the entire case, including the claim against the Red Cross. But as discussed in part II. B.2.(a). above, this Court does not have that discretion because the case against the Red Cross must remain in the federal court. While it is clear that the Court does have the discretion to remand the claims against the non-Red Cross defendants back to state court, doing so would only frustrate Roe's earnest preference to have the entire case heard in one judicial proceeding.

Likewise, the Red Cross points out that interests of "judicial economy and efficiency would be best served by a single action" in one forum. The Red Cross also points out several additional potential problems in trying different aspects of the case in different courts: 1) the possibility of potentially inconsistent rulings; 2) the Red Cross would be subject to third party discovery in state court thus subjecting it to two different discovery schedules; 3) the possibility that state court defendants may seek cross-claims for contribution from the Red Cross; and, 4) the additional costs Roe may have to incur as a result of litigating in two forums. The Red Cross asserts that these reasons, as well as others not yet foreseen, would increase the burden of all of the parties if the case were tried in two courts.

Under these circumstances, the Court agrees with both parties that dividing the case and forcing the parties to litigate in two forums would be unduly burdensome. For all of the above reasons, the Court should decline to exercise its discretion un-

der 28 U.S.C. § 1441(c) to remand the claims against the non-Red Cross defendants back to state court. Instead, the Court should assert supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over those claims, and have the entire case tried in one court.

### ACCORDINGLY:

The motion to remand the case to the Circuit Court of Cook County is denied. The plaintiff's objections to the Red Cross' removal petition are overruled. The entire case is to remain in this Court.

IT IS SO ORDERED.