ITT COMMERCIAL FINANCE CORP., a Nevada Corporation, Plaintiff,

v.

UNLIMITED AUTOMOTIVE, INC., d/b/a Fox Valley R.V., an Illinois Corporation, Bank One Milwaukee, N.A., a federally chartered banking association, and Richard Messenger, Defendants.

CHRYSLER FIRST COMMERCIAL CORPORATION, a Pennsylvania Corporation, Intervenor,

v.

UNLIMITED AUTOMOTIVE, INC., d/b/a Fox Valley R.V., an Illinois Corporation, and Everett J. Hiller, Defendants.

No. 92 C 1059.

United States District Court, N.D. Illinois, E.D.

Dec. 9, 1992.

Daniel John Voelker, Peter C. Woodford, James L. Curtis, Christopher V. Langone, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, for plaintiff.

Douglas Allan Lindsay, Blake T. Lynch, Thomas Maurice Weithers, Michele K. Parthum, Lewis, Overbeck & Furman, Mark Stephen Boyle, Law Offices of Mark S. Boyle, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Presently before the court are the motions of defendants Bank One Milwaukee, N.A. ("Bank One") and Richard Messenger to dismiss respectively Counts III and IV of plaintiff's second-amended complaint for lack of subject matter jurisdiction. For the reasons set forth below, we deny both motions.

### I. Motion to Dismiss Standard

A motion to dismiss should not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir.1988); *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir.1985), *cert. denied*, 475 U.S. 1047, 106 S.Ct. 1265, 89 L.E.2d 574 (1986). We take the "well-pleaded allegations of the complaint as true and view them, as well as reasonable inferences therefrom, in the light most favorable to the plaintiff." *Balabanos v. North Am. Inv. Group, Ltd.*, 708 F.Supp. 1488, 1491 n. 1 (N.D.Ill.1988) (citing *Ellsworth*).

### II. Factual Background

ITT is an entity incorporated under the laws of the State of Nevada, having its principal place of business in the State of Missouri. Defendant Unlimited Automotive, Inc. d/b/a Fox Valley R.V. ("Fox Valley") is a corporation organized and existing under the laws of the State of Illinois, having its principal place of business in Chicago, Illinois. Bank One is a federally chartered banking association with its principal place of business located in Milwaukee, Wisconsin. Messenger, an individual, is an Illinois resident.

On December 17, 1991, ITT and Fox Valley entered into a written agreement whereby ITT agreed to provide Fox Valley financing for the purchase of inventory. As security for its indebtedness, Fox Valley gave ITT an interest in all of its inventory and in other collateral as defined in the agreement. ITT properly perfected this security interest by the filing of a financial statement with the Illinois Secretary of State. According to ITT, Fox Valley is in default of its obligations under the agreement in at least the following respects: (1) Fox Valley has sold inventory financed by ITT out of trust by not paying the full amount of collateral financed by ITT when each such item was sold; (2) Fox Valley has refused to provide to ITT financial information as requested; (3) Fox Valley has failed to pay its indebtedness to ITT as it came due in the amount of $424,559.56; and (4) Fox Valley has altered or destroyed serial numbers of collateral financed by ITT in an attempt to avoid and confuse the extent of its obligations to ITT. Paragraph ten of the agreement provides in part that, in the event of default, ITT may "without notice or demand ... take immediate possession of the Collateral, together with all related documents." To effectuate this remedy, ITT filed this four-count diversity action against Fox Valley, Bank One and Messenger.

In Count III, the only count in which Bank One is named as a defendant, ITT seeks a declaratory judgment that it is the rightful owner of a certain 1986 Airstream Motor Home, Model No. 345LE, Serial No. 1GBKP37W6F3345951 (the "Bank One vehicle"). Similarly, in Count IV, the sole count in which Messenger is named as a defendant,

ITT seeks a declaration that it is the rightful owner of a certain 1977 Airstream Motor Home, Vehicle Identification No. 131A7J2405 (the "Messenger vehicle").[1] Bank One and Messenger have moved to dismiss the counts of ITT's complaint in which each is named for lack of subject matter jurisdiction on the grounds that the amount in controversy does not exceed $50,000, exclusive of interest and costs. *See* 28 U.S.C.A. § 1332(a) (Supp. 1992).

### III. Discussion

■ At the threshold, we note that each defendant's potential liability on the respective claims is several. As such, jurisdiction under § 1332(a) can be sustained "only against those defendants whose respective controversies individually involve matters exceeding the jurisdictional amount." *Motorists Mutual Ins. Co. v. Simpson*, 404 F.2d 511, 513 (7th Cir.1968), *cert. denied*, 394 U.S. 988, 89 S.Ct. 1470, 22 L.Ed.2d 763 (1969); *see also Corporate Resources, Inc. v. Southeast Suburban Ambulatory Surgical Center, Inc.*, 774 F.Supp. 503, 505 (N.D.Ill.1991). In other words, ITT must establish that the amount in controversy exceeds $50,000 for both Counts III and IV individually.

■ It is well-settled that the amount in controversy requirement is met by a good faith allegation of the minimum requirement in the complaint. As stated in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938): "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." Upon a factual challenge by a defendant, however, the court is not bound to accept the mere allegations in plaintiff's complaint. *Racich v. Mid Continent Builders Co.*, 755 F.Supp. 228, 229 (N.D.Ill.1991); *Bellock v. Orkin Exterminating Co.*, 754 F.Supp. 122, 123 (N.D.Ill.1990). Instead, the party seeking to invoke federal jurisdiction bears the burden of supporting its jurisdictional allegations by "competent proof."

*McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir.1979); *Kennedy v. Commercial Carriers, Inc.*, 739 F.Supp. 406, 410 (N.D.Ill.1990). However, this burden (technically placed on the plaintiff) is not exacting: "plaintiff is entitled to considerable latitude in supporting his allegations; he must be given the benefit of any facts he could conceivably prove in support of his allegations." *Racich*, 755 F.Supp. at 229 (citing *Lichter v. Paine, Webber, Jackson & Curtis, Inc.*, 570 F.Supp. 533, 536 (N.D.Ill. 1983)). Further, in order for defendants to prevail on their motions to dismiss, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury*, 303 U.S. at 289, 58 S.Ct. at 590.

■ "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 2443, 53 L.Ed.2d 383 (1977); *see also McNutt*, 298 U.S. at 181, 56 S.Ct. at 781. In Count III, that object is the Bank One vehicle, a 34½ foot 1986 Airstream motor home. Respecting Bank One's motion, our task is the determination of the vehicle's value as of May 21, 1992, the commencement date of this action against Bank One. *See Pariente v. Scott Meredith Literary Agency, Inc.*, 771 F.Supp. 609, 613 (S.D.N.Y.1991) (citing *St. Paul Mercury*, 303 U.S. at 289–90, 58 S.Ct. at 590–91). Bank One's factual challenge to the value of the Bank One vehicle consists entirely of the affidavit of Eric Pedersen, a partner in E & D Auto and Marine Services. Pedersen states that on February 28, 1992, the Bank One vehicle required repairs in excess of $5,000, and that in his estimate was worth approximately $15,000 wholesale and less than $25,000 retail. As of September 10, 1992, Pedersen pronounced the fair market value of the vehicle at approximately $40,-

---

1. The designation of the two vehicles with respect to the named defendants in no way reflects upon the issue of ownership.

000.[2] Pedersen's affidavit, however, is insufficient to challenge ITT's allegation of an amount in controversy in excess of $50,000. Specifically, Pedersen's affidavit is silent as to the value of the vehicle, either retail or wholesale, on May 21, 1992. True, it is probable that Pedersen's estimate of the vehicle's value on May 21, 1992, would likely fall between his estimates for February 28, 1992 ($15,000 wholesale) and September 10, 1992 ($40,000 fair market value). Nonetheless, any attempt to extrapolate the vehicle's value on May 21, 1992, would be nothing more than pure guesswork, as no evidence exists as to its condition on that date.

■ This court, however, takes judicial notice that Kelley's Blue Book is an authoritative guide to the valuation of recreational vehicles. *See In re Mitchell,* 954 F.2d 557, 559 (9th Cir.1992) (using Kelley's Blue Book to estimate value of vehicle), *cert. denied,* — U.S. ——, 113 S.Ct. 303, 121 L.Ed.2d 226 (1992); *In re Miller,* 4 B.R. 392, 393 (Bankr. S.D.Cal.1980) (same). That publication indicates that, in May of 1992, a "typical" 34½ foot 1986 Airstream Motor Home had a retail value of $59,100 and a wholesale value of $44,500. Were this court to accept the retail value as the most appropriate valuation, or even the average of the retail and wholesale estimates as employed by many bankruptcy courts, ITT surely would meet the amount in controversy requirement. However, as did the Ninth Circuit in *In re Mitchell,* 954 F.2d at 559–61, we believe that the wholesale value should apply to the valuation of vehicles. Significantly, ITT is a creditor seeking to gain possession of collateral. As the Ninth Circuit noted, the creditor's interest in a vehicle is equivalent to what the creditor could receive upon a reasonable disposition of the collateral. *Id.* at 560. The vast majority of the difference between retail and wholesale price represents overhead, *i.e.,* costs necessarily incurred by dealers to realize the retail price. Without such expense on the part of a creditor,[3] the wholesale price best approximates a reasonable disposition. *Id.*

With a wholesale value of $44,500, it is apparent to a legal certainty that ITT's claim in Count III of its second-amended complaint is for less than the jurisdictional amount.

The object of litigation in Count IV of ITT's second-amended complaint is the Messenger vehicle, a 1977 Airstream Motor Home. ITT commenced this action against Messenger on July 24, 1992, thus fixing July 24, 1992 as the relevant date of valuation. In support of his motion, Messenger has attached a check and purchase agreement indicating that he paid $10,500 for the Messenger vehicle in June of 1991. Based on this evidence, he concludes that the vehicle cannot be valued in excess of $50,000 on July 24, 1992. In response, rather than pointing to any evidence that the Messenger vehicle was valued in excess of $50,000 on July 24, 1992, ITT argues we should strike Messenger's evidence for lack of foundation. Messenger has since laid a proper foundation in an affidavit attached to his reply memorandum. More significantly, apart from Messenger's evidence, the wholesale value listed in Kelly's Blue Book for a "typical" 1977 Airstream Motor Home is far short of $50,000. As such, it is apparent to a legal certainty that ITT's claim in Count IV of its second-amended complaint is for less than the jurisdictional amount.

■ In that neither Count III nor Count IV may be sustained under this court's diversity jurisdiction, we turn to consider the propriety of exercising supplemental jurisdiction over the claims. With limited exceptions, a federal district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy...." 28 U.S.C.A. § 1367 (Supp.1992). Significantly, "[s]uch supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." *Id.* Section 1367(a) overrules previous case law, specifically *Finley v. United States,* 490

---

**2.** This increase of over $15,000 in market value is presumably a result of the $5,000 in repairs.

**3.** It is unlikely that a creditor would expend the associated costs to realize retail price as its net recovery would likely be no greater than the wholesale value, a price it could receive with considerably less effort.

U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989), and *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), prohibiting "pendent party jurisdiction." *American Pfauter, Ltd. v. Freeman Decorating Co.,* 772 F.Supp. 1071, 1073 (N.D.Ill.1991) (citing Practice Commentary, 28 U.S.C.A. § 1367, at 221).

■ Whether Counts III and IV form part of the same case or controversy as a claim within the court's original jurisdiction (*i.e.,* Counts I or II), is to be determined under the standards governing the exercise of pendent jurisdiction as announced in *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). *Roe v. Little Co. of Mary Hosp.,* 800 F.Supp. 620, 622 (N.D.Ill.1992); *Corporate Resources,* 774 F.Supp. at 506. In *Gibbs,* the Supreme Court held that federal courts may exercise pendent jurisdiction over a state claim if the state and federal claims "derive from a common nucleus of operative fact." *Gibbs,* 383 U.S. at 725, 86 S.Ct. at 1138. Moreover, the Court ruled that pendent jurisdiction may properly be exercised if "plaintiff's claims are such that he ordinarily be expected to try them all in one judicial proceeding." *Id.*

■ In the instant case, Counts III and IV of ITT's second-amended complaint derive from a common nucleus of operative fact as Counts I and II. Contrary to defendants' assertions, Counts III and IV stem from the same contractual relationship as that alleged in Counts I and II. ITT maintains that Fox Valley breached a written financing agreement. As a result of that breach, and given the fact that the Bank One and Messenger vehicles were taken on consignment, ITT claims entitlement to those vehicles. In this regard, Counts III and IV are nothing more than an attempt to enforce a contractual remedy, such remedy flowing from the breach detailed in Counts I and II. Where multiple remedies (one of which falls in the court's original jurisdiction) stem from a single wrong (in this case Fox Valley's breach of contract), the court should find that the claims against all of the defendants comprise the "same case or controversy." *See Roe,* 800 F.Supp. at 623.

■ As a final effort to derail Counts III and IV of ITT's second-amended complaint, defendants contend that we should decline the exercise of supplemental jurisdiction under § 1367(c), which provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C.A. § 1367(c) (Supp.1992). Of the four above listed exceptions, only the third arguably applies to this case. As defendants point out, this court has awarded ITT the relief requested in Counts I and II against Fox Valley. Though recognizing that those counts were not "dismissed," defendants contend that the practical result is the same, *i.e.,* no claims remain within this court's original jurisdiction. Nonetheless, we believe that the interests of judicial economy and efficiency are best served by retaining supplemental jurisdiction over Counts III and IV of ITT's second-amended complaint and, hence, we refuse to invoke § 1367(c). Accordingly, we deny Bank One and Messenger's motions to dismiss.

### IV. Conclusion

For the reasons set forth above, we deny Bank One and Messenger's motions to dismiss for lack of subject matter jurisdiction. It is so ordered.