**UNITED STATES, for use of CHICAGO BUILDING RESTORATION, INC., Plaintiff,**

**v.**

**TAZZIOLI CONSTRUCTION CO.; Pickus Construction & Equipment Company, Inc.; Washington International Insurance Company; and the National Surety Corporation, Defendants.**

No. 92 C 1568.

United States District Court, N.D. Illinois, E.D.

Aug. 17, 1992.

Colleen L. Hopkinson, Sandra M. Crawford, Loftus & Loftus, Niles, Ill., for plaintiffs.

Edward P. McNeela, Patrick G. Donnelly, McNeela & Griffin, Ltd., Chicago, Ill., for defendants.

## ORDER

NORGLE, District Judge.

Before the court is defendant Washington International Insurance Company's ("Washington") motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). The motion is denied for the following reasons.

## FACTS

The present controversy arises from restoration work performed on the Great Lakes Clock Tower at the Naval Training Center in Great Lakes, Illinois. Plaintiff Chicago Building Restoration, Inc. ("CBR"), in Count I of its second amended complaint, brings suit against Pickus Construction and Equipment Company, Inc. ("Pickus"), and its surety, the National Surety Corporation ("National"), pursuant to the Miller Act, 40 U.S.C. § 270a(a), (b). CBR seeks to recover for material and labor it supplied in connection with the government project. In Count II, CBR brings suit against Tazzioli Construction

Company ("Tazzioli"),[1] and Washington, its surety, to recover on a bond Washington issued in connection with the same project.

According to the complaint, CBR performed cleaning and tuckpointing work on the project pursuant to a contract with Tazzioli. Tazzioli, a subcontractor, contracted with Pickus, the primary contractor for the government project. Pickus furnished a bond from National, pursuant to the terms of the Miller Act, for the benefit of the United States as obligee. Tazzioli, however, furnished to Pickus a performance and payment bond from Washington for the benefit of Tazzioli's subcontractors and material suppliers, which was not issued pursuant to the Miller Act.

CBR alleges that it completed its work, valued at $225,158.70, including extra costs, pursuant to its contracts with Tazzioli. CBR further alleges Tazzioli made payments of $42,000, leaving a balance due of $183,158.70. Accordingly, CBR alleges it is entitled to judgment from Pickus and National pursuant to the Miller Act and payment from Washington pursuant to the terms of its bond.

On June 11, 1992, Washington filed the present motion to dismiss, claiming that, because the bond it issued to Tazzioli did not arise under the Miller Act, and no other independent ground for federal jurisdiction exists, the court lacks subject matter jurisdiction over the claim asserted against it.

## DISCUSSION

■ Lack of subject matter jurisdiction is appropriately raised in a motion to dismiss under Fed.R.Civ.P. 12(b)(1). *Barnhart v. United States*, 884 F.2d 295, 296 (7th Cir.1989), *cert. denied*, 495 U.S. 957, 110 S.Ct. 2561, 109 L.Ed.2d 743 (1990). Once questioned, it is plaintiff's burden to establish that all jurisdictional requirements are satisfied. *Kontos v. United States Dept. of Labor*, 826 F.2d 573, 576 (7th Cir.1987). In this context, it is proper for the court to look beyond the jurisdictional allegations in the complaint and to view the evidence submitted in response to the motion. *Roman v. United States Postal Serv.*, 821 F.2d 382, 385 (7th Cir.1987).

■ Once a party has successfully invoked the original jurisdiction of the federal court, the district court possesses supplemental jurisdiction over all the other claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy...." 28 U.S.C. § 1367(a). This jurisdictional grant includes claims involving additional parties. *Id.* See David D. Siegel, *Changes in Federal Jurisdiction and Practice Under the New (Dec. 1, 1990) Judicial Improvements Act*, 133 F.R.D. 61, 65 (1991) ("pendent party" jurisdiction now codified as supplemental jurisdiction). Count I of CBR's complaint is properly before the court pursuant to the Miller Act. 40 U.S.C. § 270b(b). If CBR's claim against Washington arises from a "common nucleus of operative facts" as the claim against Pickus and National such that CBR "would ordinarily be expected to try [both claims] all in one judicial proceeding," then that claim forms part of the same case or controversy as the Miller Act claim and thus supplemental jurisdiction is proper. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Robin v. Falbo*, No. 91 C 2894, 1992 WL 188429 at * 6, 1992 U.S.Dist. LEXIS 11075 at * 15–16 (N.D.Ill.1992); *see Alexander v. Goldome Credit Corp.*, 772 F.Supp. 1217, 1219–21 (M.D.Ala.1991) (citing *Gibbs*, court may exercise supplemental jurisdiction over state law claims against other defendants where Miller Act claim is properly before the court).

In the present case, both claims revolve around the same operative fact: CBR's performance on the contract with Tazzioli. CBR's recovery from Pickus and National arises out of the restoration work CBR performed pursuant to its contract with Tazzioli. Thus, CBR's case against Pickus and National under the Miller Act forms the same case against Tazzioli and Washington.

---

1. CBR asserts that Tazzioli is bankrupt and only seeks recovery directly from its surety Washington.

**1132**

ington. The claim arises from the unpaid balance which CBR seeks to recover under the Miller Act and under the bond issued in accordance with state law. A portion of CBR's claim may arise from alleged agreements between CBR and Pickus directly, but this factor is a minor issue in the case. The similarities between the two claims predominate and form the core of the entire controversy.

That the court possesses power to exercise supplemental jurisdiction over a state claim against a separate party where the court also possesses jurisdiction over a Miller Act claim is supported by authority. *See United States ex rel. American Bank v. C.I.T. Constr. Inc.*, 944 F.2d 253, 261 (5th Cir.1991) (remanded case involving Miller Act for district court to consider, in its discretion, whether to exercise pendent jurisdiction over state law claim asserted against additional party); *United States ex rel. Cobb–Strecker–Dunphy & Zimmerman, Inc. v. M.A. Mortenson Co.*, 706 F.Supp. 685, 692 (D.Minn.1989) (finding power to exercise pendent jurisdiction over state law claim against additional party, although declined to exercise jurisdiction in its discretion where Miller Act claim was dismissed), *aff'd*, 894 F.2d 311 (8th Cir. 1990).

The inquiry is not complete, however. A district court may, in its discretion, decline to exercise jurisdiction over supplemental claims. 28 U.S.C. § 1367(c)(1)–(4); *M.A. Mortenson Co.*, 706 F.Supp. at 692. Nonetheless, the court finds that none of the discretionary concerns are present here. The supplemental claim against Washington does not involve novel or complex state law issues, the claim does not substantially predominate over the Miller Act claim, the Miller Act claim has not been dismissed, and there exists no other compelling justification to decline jurisdiction.

Supplemental jurisdiction is especially appropriate here. Because the Miller Act claim falls exclusively within the federal courts' jurisdiction, 40 U.S.C. § 270b(b); *United States ex rel. Owens–Corning Fiberglass Corp. v. Brandt Constr. Co.*, 826 F.2d 643, 645 (7th Cir.1987), *cert. denied,*

484 U.S. 1026, 108 S.Ct. 751, 98 L.Ed.2d 764 (1988), hearing both claims together serves judicial economy by preventing duplicative litigation.

In sum, CBR's claim against Tazzioli and Washington forms part of the same case or controversy as between CBR and Pickus and National. Accordingly, the court possesses supplemental jurisdiction over CBR's claim against Washington in Count II of the second amended complaint pursuant to 28 U.S.C. § 1367(a). The court decides to exercise this jurisdiction in its discretion.

## CONCLUSION

For the reasons set forth above, the court denies Washington's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

IT IS SO ORDERED.