FASCO INDUSTRIES, INC., on behalf, of itself, as administrator of the Supplemental Executive Retirement Plan of Fasco Industries, Inc., and as successor of H.S. Atlantic, Inc., Plaintiff,

v.

Frank W. MACK, Dale L. Bennett, Roderic B. Karpen, David Graham Wilson, John A. Negovetich, John F. Golen, Jean–Marie Menzer, John R. Watson, and Continental Bank, N.A., Defendants.

No. 93 C 2324.

United States District Court, N.D. Illinois, E.D.

Jan. 28, 1994.

Michael J. Dell, Kramer, Levin, Naftalis, Nessen, Kamin & Frankel, New York City, and David I. Herbst and Stephen J. Landes, Holleb & Coff, Chicago, IL, for plaintiff.

Henry deVos Lawrie, Jr., Glen H. Kanwit, David B. Goroff, Mark S. Weisberg, Hopkins & Sutter, and John M. Heaphy, Mayer, Brown & Platt, Chicago, IL, for defendants.

### MEMORANDUM, OPINION AND ORDER

ANDERSEN, District Judge.

This case is before the court on the motion of defendants Frank Mack, Dale Bennett, Roderic Karpen, David Wilson, John Negovetich, John Golen, Jean–Marie Menzer, John Watson and Continental Bank to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. For the reasons stated below, we deny the motions to dismiss.

## BACKGROUND

Plaintiff Fasco Industries, Inc. ("Fasco") has brought this suit against Continental Bank and former officers and directors of Fasco (hereinafter referred to as "executives"), contending that these executives committed wrongdoing in connection with a deferred compensation scheme created for their benefit known as a Supplemental Executive Retirement Plan ("SERP"). This action arises from the alleged fraud and self-dealing of the executives. The executives, anticipating a takeover of Fasco's parent, allegedly created the SERP, a bonanza retirement plan of which they are the sole participants. Fasco claims that this was done without obtaining any approval from Fasco's disinterested directors (because there were none) or shareholders.

Fasco claims that the executives camouflaged the plan's true purposes by creating a trust to fund the SERP. Fasco claims that the executives amended the SERP to strip Fasco of its rights to amend the plan or direct its investments. On the day Fasco's parent was acquired, the executives funded the trust with nearly $10 million dollars—more than twice what was necessary to pay their benefits in full. Within two months after the takeover, Mack resigned from Fasco. Most of the other executives followed shortly thereafter. None is presently employed at Fasco.

The SERP at issue was executed in November, 1990. The SERP was designed to benefit the executives, all of whom were employed by Fasco at the time the SERP was executed. The SERP was prepared with the assistance of an outside financial consultant, James Cleary of the John O. Todd Organization ("Todd"). Todd prepared a report for Fasco describing purposes of the SERP, which Fasco claims incorrectly noted that it was designed to attract, retain, motivate and reward senior management of Fasco. Fasco claims that, in fact, the SERP provided exceedingly high benefits and deterred executives' continued tenure with Fasco. The report explained that the plan would provide a target retirement benefit to the officers and directors of a percentage of each executive's final income. This percentage ranged from 42–47%, with the percentage being greater the greater the executive's salary.

According to the complaint, the plan was to be funded by corporate owned life insurance ("COLI"). Under a COLI-financed plan, according to the complaint, the corporation would insure the lives of the plan participants, i.e., the defendant executives. As these participants died, the corporation would receive a tax-free death benefit. According to the Todd report, the sum of these death benefits was intended to exceed (on a present value basis) Fasco's outlays for insurance premiums and benefit payments under the plan. The complaint notes that COLI was in fact purchased for the plan, from Northwestern Mutual Life. These COLI policies are held in trust by defendant Continental Bank as trustee.

Fasco's complaint contains two counts. Count I, which arises under state law, seeks damages for the executives' alleged breaches of their fiduciary duties and wrongful conversion of funds. Fasco alleges that Count II arises under the federal common law of restitution under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. Defendants argue that this court lacks subject matter jurisdiction.

## DISCUSSION

■■■ In considering a motion to dismiss, the court must accept as true all the well-pleaded material facts in the complaint and must draw all reasonable inferences from those facts in the light most favorable to the plaintiff. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir.1991). Further, the complaint should not be dismissed unless it appears, beyond a doubt, that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

### I. *The SERP is an Employee Benefit Plan Under ERISA*

■■ An employee pension benefit plan is defined as:

any plan ... maintained by an employer ... that ... (i) provides retirement income

to employees, or (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond ...

29 U.S.C. § 1002(2)(A). Because the SERP at issue in this case "provides retirement income to employees" and "results in a deferral of income" to the executives "to the termination of covered employment or beyond", it satisfies this definition.

Within the category of employee pension benefit plans, the SERP is of the type commonly referred to as a "top hat plan" because it is "unfunded" and exists primarily to provide benefits to a "select group of management or highly compensated employees." *See*, 29 U.S.C. § 1101(a); *Grantham v. Beatrice Co.*, 776 F.Supp. 391, 394 n. 3 (N.D.Ill.1991). Top hat plans are exempted from the substantive provisions of parts 2, 3 and 4 of Title I regarding participation, vesting, funding and fiduciary responsibility because Congress contemplated that highly paid executives did not need the same protections as low-level employees. 29 U.S.C. §§ 1051(2), 1081(a)(3) and 1101(a)(1). *See also Barrowclough v. Kidder, Peabody & Co.*, 752 F.2d 923, 930–31 (3d Cir.1985). Nevertheless, top hat plans remain subject to ERISA's enforcement provisions. *Barrowclough*, 752 F.2d at 930–31.

## II. *ERISA's Federal Common Law of Restitution Provides a Basis for Subject Matter Jurisdiction*

The essence of the executives' argument is that the civil enforcement provisions of ERISA contemplate suits by only four kinds of enumerated parties—the Secretary of Labor, a participant, a beneficiary, or a fiduciary of a plan. 29 U.S.C. §§ 1132(a), 1132(e)(1). The executives argue that because Fasco, an employer, is neither a participant, beneficiary, or fiduciary, it is not a proper party plaintiff and therefore this court has no federal question jurisdiction. The executives' argument, however, misses the point. Fasco does not assert that the court has subject matter jurisdiction under § 1132(e). Instead, Fasco is asserting that the court has federal question jurisdiction under 28 U.S.C. § 1331 because Count II arises under the federal common law of ERISA.

Congress enacted ERISA's broad preemption provisions with the intention that the federal courts would create a federal common law of ERISA to fill in the gaps where ERISA is silent. *See, e.g., Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56, 107 S.Ct. 1549, 1557, 95 L.Ed.2d 39 (1987); *Kwatcher v. Massachusetts Serv. Employees Pension Fund*, 879 F.2d 957, 966 (1st Cir. 1989). The equitable claim for restitution and rescission pleaded by Fasco in Count II is "part and parcel" of ERISA's federal common law. *Kwatcher*, 879 F.2d at 966. Many courts have recognized a federal common law of restitution under ERISA which gives employers the right to recover funds wrongly placed in a fund or trust relating to an ERISA plan. *See, e.g., UIU Severance Pay Trust Fund v. Local Union 18–U, United Steel Workers of America*, 998 F.2d 509, 513 (7th Cir.1993); *Kwatcher*, 879 F.2d at 966; *Plucinski v. I.A.M. Nat'l Pension Fund*, 875 F.2d 1052, 1057 (3d Cir.1989); *Jamail, Inc. v. Carpenters Dist. Council of Houston Pension & Welfare Trusts*, 954 F.2d 299, 304–05 (5th Cir.1992); *Kentucky Laborers Dist. Council Health and Welfare Fund v. Hope*, 861 F.2d 1003, 1005 (6th Cir.1988).

Courts have allowed these federal common law restitution claims because giving employers a remedy for overpayments encourages the establishment of pension funds, thereby furthering ERISA's purposes. "Rather than undermining ERISA's remedial scheme, equity supplements it by providing a tool for courts to use when one party 'has been unjustly enriched at the expense of another.'" *Kwatcher*, 879 F.2d at 967 (citations omitted). Moreover, Congress did not intend to permit parties to use ERISA as a shield to protect the fruits of their corporate theft and self-dealing. *See, e.g., St. Paul Fire and Marine Ins. Co. v. Cox*, 752 F.2d 550, 552 (11th Cir.1985).

The recent Seventh Circuit case of *UIU Severance Pay Trust Fund v. Local Union No. 18–U, United Steelworkers of America*, 998 F.2d 509 (7th Cir.1993) is dispositive on this issue. In that case, there was a dispute between contributions made to a fund on a

beneficiary's behalf by his employer, the Union. Oliver, the employee, contended that the contributions were proper payments toward his deferred compensation, but the employer asserted that the contributions were made without proper authorization. Beginning in January, 1983, the employer, pursuant to Oliver's instruction increased the contribution made to the fund on his behalf from ten to twenty percent of his salary. *Id.* at 511. The General Executive Board apparently did not give its prior approval for this increase as required. *Id.* The employer argued that the contribution increase was a rogue act undertaken by Oliver without any authorization.

The Seventh Circuit allowed the employer's claim for restitution under the federal common law of ERISA. The Court held that "recovery of contributions mistakenly made can be attempted under a [federal] common-law theory of restitution." *Id.* at 512, citing *Kwatcher,* 879 F.2d at 967. The Seventh Circuit reasoned that:

> ERISA *permits* plan trustees to return to employers payments made to a plan which are the result of a mistake of law or fact, ... but it does not establish a cause of action by which employers may seek to *compel* such a refund. Absent a judicially-crafted cause of action, employers are left to the mercy of plan trustees who have no financial incentive to return mistaken payments. Employers are already penalized for failing to make required contributions. 29 U.S.C. § 1132(g)(2). If they are not permitted to seek recovery of mistaken contributions they may be less inclined to sponsor ERISA-qualified plans at all. This would undermine ERISA's goal of expanding pension and welfare benefit plan coverage.

*Id.* at 512–13.

In *UIU Severance,* the Seventh Circuit held that a federal common law restitution action exists under ERISA for contributions which are mistakenly made as well as for contributions which are made as a result of unauthorized activity. *Id.* at 513, n. 12. The Court explained that "[t]here is clearly a difference between contributions that are mistakenly made to an employee benefit fund

and those that occur, as is alleged here, as a result of unauthorized activity. But from an employer's perspective this seems to be a difference without a distinction. To an employer, contributions made by an insubordinate employee may be as 'mistaken' as those that derive from a misapprehension of law of fact." *Id.*

For the foregoing reasons, we hold that Fasco is entitled to assert its Count II claim for restitution and rescission under 28 U.S.C. § 1331 because the claim arises under the federal common law.

### III. *The Court Has Supplemental Jurisdiction Over Continental's Claim*

■ We do not consider whether Fasco has independent federal question jurisdiction over the claims against Continental, because we find that we have supplemental jurisdiction over such claims. Supplemental jurisdiction is codified in 28 U.S.C. § 1367, which provides, in part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder ... of additional parties.

28 U.S.C. § 1367(a). The purpose of this provision is judicial economy and avoidance of piecemeal litigation. *United States v. Tazzioli Constr. Co.,* 796 F.Supp. 1130, 1132 (N.D.Ill.1992).

To invoke supplemental jurisdiction for the Continental claim, Fasco "need merely demonstrate that the pendent party claim forms part of the 'same case or controversy under Article III' as the federal claim." *Ryan v. Cosentino,* 776 F.Supp. 386, 389 (N.D.Ill. 1991). The definition of a "case or controversy" was articulated by the Supreme Court in *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), which held that the state claim and federal claim must "derive from a common nucleus of oper-

ative fact" and be "such that [plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *Roe v. Little Co. of Mary Hosp.*, 800 F.Supp. 620, 623 (N.D.Ill. 1992).

When a plaintiff, like Fasco, alleges a single wrong arising out of an interlocking series of transactions, the claims against all of the defendants necessarily satisfy the "case of controversy" requirement. Fasco's claim against Continental, as trustee of the trust, only exists by virtue of the ERISA claim against the executives. Fasco named Continental as a defendant because it may be a necessary party. The trust contains all of the funds obtained from Fasco for the SERP. For these reasons, we deny Continental's motion to dismiss.

## CONCLUSION

For the foregoing reasons, we deny the motions to dismiss of defendants Mack, Bennett, Karpen, Wilson, Negovetich, Golen, Menzer, Watson, and Continental Bank.